CHIEF JUSTICE SIMPSON
delivered the opinion oe the codrt:
The appellant was indicted for betting on an election, held under the constitution and laws of this commonwealth and of the United States, for the election of a member of Congress; was found guilty by the jury, and a judgment rendered against him for a fine of one hundred dollars, under an act of the legislature approved March 6, 1854. (Session Acts, 1853-54, page 72.)
Upon the trial in the court below, after the jury had been sworn, one of the jurors, by the agreement of the parties, was withdrawn, and the case submitted to the remaining eleven jurors. It is now contended that the court erred in rendering a judgment upon the verdict of the eleven jurors, because the agreement to dispense with one of the jurors, and to permit the case to be tried by the remainder of the panel, was unauthorized and illegal.
No reason has been suggested why the parties should not be allowed, in a case of this kind, to make such an agreement, nor are we able to perceive any valid objection to the exercise of such a power. The only penalty under the statute is afine of one hundred dollars. Nothing more is involved in the issue' of the case than is frequently involved in the decision of actions in civil cases. The validity of such an agreement in the cases last named cannot be questioned. The citizen has an undoubted right to make any disposition of his money or his property which is not prohibted by law. He may, when his right to any part of it is controverted, consent to have the controversy *367 decided by the court, without the intervention of a jury, or by a majority of the jury, or by any number of persons acting in the capacity of jurors, and such an agreement would be obligatory upon him. In prosecutions for misdemeanors, where the penalty imposed is merely a fine, an agreement by the defendant to be tried by a jury constituted of a less number than twelve persons, is not inconsistent with any rule of law or with public policy. Nor does it tend to defeat public justice; but, on the contrary, may tend to promote it, by facilitating the dis-p'atch of business in court, and preventing unnecessary and embarrassing delay. The court below did not, therefore, err in permitting the parties to make such an agreement, nor in rendering a judgment against the appellant on the verdict found by the eleven jurors.'
The only other objection to the judgment is, that the evidence was insufficient to sustain the verdict, and therefore the court ought to have granted a new trial.
In answer to this objection, it is only necessary to remark, that in cases of misdemeanors, the Code of Practice provides, that the judgement shall only be reversed for errors of law apparent on the record to the prejudice of the appellant. (Section 348,) And by section 349, it is declared that an error in granting or refusing a new trial, shall not be sufficient to reverse a judgment. Under these provisions it is obvious that the sufficiency of the evidence to prove the charge contained in the indictment cannot be inquired into by this court, nor the judgment reversed on that ground, unless the court below misdirected the jury as to the law of the case, or refused to give some instruction that was proper and should have been given. In this case no error was committed by the court either in giving or refusing instructions, but the whole case was fairly submitted to the jury.
But if this question was properly before this court, we would be of the opinion that the offense charged in the indictment was substantially proved by the testimony, and that the motion for a new trial was properly overruled.
Wherefore, the judgment is affirmed.