STATE v. ROBERT WHEELER.

(Filed 21 March, 1923.)

**Appeal and Error—Record Proper—Case on Appeal—Conflict—Criminal Law—Jury of Twelve—Misdemeanor—Waiver.**

　　The record proper in a case on appeal "imports verity," and will control when there appears to be conflicting statements between such record and the statement of the case on appeal; and where on the statement in the case on appeal from a criminal case charging a misdemeanor, the record proper states the case was tried by twelve jurors who rendered an unani-

mous verdict against the defendant, he may not show by the case on appeal that he was denied his constitutional right to a trial by twelve jurors. *Semble*, the defendant tried for a misdemeanor may consent to try his case with eleven jurors when one of them has become sick, or rendered incapable of continuing to serve.

Walker and Adams, JJ., concur in result.

Appeal by defendant from *Lyon, J.,* at October Term, 1922, of Wake. Verdict of guilty. From the judgment thereon the defendant appeals.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*W. M. Person and O. F. Johnson for defendant.*

Clark, C. J. The only error assigned is that the verdict was not rendered by a jury of twelve jurors. The record recites: "The following jurors, to wit, (1) F. H. Scarboro, (2) Willis Ray, (3) W. T. Bower, (4) J. S. Johns, (5) J. E. Raines, (6) J. A. Woodard, (7) T. W. Mooneyham, (8) J. J. Olive, (9) J. S. Pollard, (10) F. A. Bunn, (11) W. A. Watson, (12) T. E. Buchanan, were chosen, tried, sworn and impaneled to speak the truth of and concerning the premises of the said bill of indictment specified, who said upon their oath that the said Robert Wheeler was guilty thereof in manner and form as charged in the bills of indictment."

The statement of the case on appeal states, however, as follows: "During the course of the trial, court adjourned for the day after argument had been made by W. M. Person and O. F. Johnson of counsel for defendant and before the conclusion of the argument, the next morning only eleven jurors were present, one of them being sick and unable to attend. The court inquired of the counsel for the defendant, who was then present, to wit, O. F. Johnson and L. H. Turner, if they would consent to continue the trial of the case with the eleven jurors, waiving the absence of the sick juror. The counsel for the defendant, O. F. Johnson and L. H. Turner, consented to do so, and the argument was concluded by L. H. Turner in behalf of the defendant and the solicitor in behalf of the State."

There was no motion made to amend the record proper to conform to this statement of the case, and by the uniform decisions of this Court the record proper "imports verity," and when there is conflict between the record proper and the statement of the case the record must be taken as absolutely true.

It has been uniformly held in this Court that "where the record proper differs from the case on appeal the former governs." *Ladd v. Teague,* 126 N. C., 549; *S. v. Truesdale,* 125 N. C., 696 (which was a

capital case); *Sutton v. Phillips,* 117 N. C., 230; *Threadgill v. Comrs.,* 116 N. C., 616; *McDaniel v. Scurlock,* 115 N. C., 295; *S. v. Ramsour,* 113 N. C., 642; *S. v. Carlton,* 107 N. C., 957; *Bowen v. Fox,* 99 N. C., 127; *McCanless v. Flinchum,* 98 N. C., 388; *McNeil v. Lawton,* 97 N. C., 16; *Adrian v. Shaw,* 84 N. C., 832; *S. v. Keeter,* 80 N. C., 472; *Farmer v. Willard,* 75 N. C., 401, and other cases since down to *Souther-land v. Brown,* 176 N. C., 190, where it is stated to be settled law. The defendant cannot be allowed to take the advantage of any alleged defect in the trial which is contradicted by the record.

If, in fact, after the evidence was all in and part of the argument made, the trial with the consent of defendant proceeded without the presence of the absent juror, and if there was any untoward result to him caused thereby, the defendant, who was present in person as well as by counsel, assented to this course; and if he suffered any damage thereby it was his duty then and there to have moved the court to amend the record so as to show this, and that notwithstanding this he had assented to the trial proceeding with the eleven jurors. On the contrary, the defendant and his counsel made no motion to amend the record, and let it come up to this Court as an absolute statement of the fact, for the record "doth import verity" that in fact twelve jurors rendered the verdict, and he is estopped now to assert the contrary. Parties cannot thus hold the proceedings of the court in contempt by averring contrary to the solemn recitals of the record proper duly certified with their knowledge and without any objection.

In *Covington v. Newburger,* 99 N. C., 523, the Court held: "This Court cannot permit the record proper to be varied or amended by adding thereto matters suggested to the Court upon affidavit. Only questions presented in the record can be considered."

The record proper certified up to this Court without any attempt on the part of the defendant present in person or by counsel to make correction therein must be taken as an absolute verity. If this were not true there would be endless confusion and nothing would be certain as to what transpired in the court below. But if it had appeared in the record itself that in fact the trial proceeded for a misdemeanor with less than twelve men, it is the generally accepted rule, as follows, "While in cases of felony, the constitutional right to be tried cannot be waived by the accused, the rule is different on trials of misdemeanor." 1 Thompson on Trials, 6, citing *Commonwealth v. Daily,* 66 Mass. (12 Cush.), 80, where it was held, "Upon a trial for misdemeanor, if the defendant's counsel consent that one juror may be withdrawn, and the case proceeds with the remaining eleven, a verdict of guilty will not be set aside." The opinion in that case is by *Shaw, C. J.,* and is a very learned and able opinion and seemingly conclusive.

In this State we have held that while a party can plead guilty, yet if he raises an issue by pleading not guilty it cannot be passed upon by the judge, but must be submitted to the jury. But we have no case which has held that the defendant cannot in an emergency occurring—for instance, by the sickness or death of a juror—agree that the verdict may be rendered by less than twelve jurors, nor forbidding the acceptance of a verdict otherwise than unanimous on indictments for misdemeanor. The Constitution guarantees the right of trial by jury, but does not forbid such consent verdict by a lesser number.

Our Court has held in *S. v. Rogers,* 162 N. C., 656, that such consent verdict may not be taken on a conviction for felony. In that case the indictment was for murder, and the conviction was for manslaughter. On indictments for misdemeanor and in civil cases it has been by no means unusual in our courts to save the expense of a mistrial or a new trial, whenever the party was disposed and would agree by himself and his counsel, to waive the requirement of a unanimous verdict of twelve men, and there has been no decision in this Court forbidding this being done. The party, of course, has the right to appeal in such cases as in all others for exceptions taken for errors in the trial.

In *S. v. Stewart,* 89 N. C., 564; *S. v. Holt,* 90 N. C., 749; *S. v. Scruggs,* 115 N. C., 805, it was held that a jury trial cannot be waived in a criminal case, but in no case have we held that a verdict may not be rendered by consent of defendant by less a number than twelve in a misdemeanor or a civil case, and there is no reason why we should extend the doctrine in this case.

The defendant has a constitutional right to a speedy trial by jury. Yet he waives this provision by obtaining a continuance.

A plea of guilty dispenses with a jury trial altogether. There is no reason, therefore, why defendant cannot agree to accept the verdict of eleven jurors in an indictment for misdemeanor when his counsel and himself think it for his interest to do so, especially when this is done with the consent of the court and the solicitor representing the State. We have not held this cannot be done in misdemeanors heretofore. It is true it was so held by a divided Court in *S. v. Rogers,* but there the indictment was for a capital offense and the conviction was for felony. In this case the conviction was of misdemeanor, and there is nothing to indicate that the defendant suffered from any prejudice from the conduct of himself or his counsel in proceeding with the trial in the absence of the other juror, and the defendant ought not to obtain any benefit from a verdict by less than unanimity rendered by his consent.

The text in Thompson on Jury Trials, *supra,* also cites *S. v. Borowsky,* 11 Nev., 119. "A defendant indicted for misdemeanor may be tried

43—185

by a jury of eleven men if he consents thereto, and such consent is not a waiver of the jury trial," though it would be otherwise in a case of felony. The same is held in *S. v. Cox,* 8 Ark. (3 Eng.), 436.

In *Tyra v. Commonwealth,* 59 Ky. (2 Metc.), 1, it is held, "On a trial for misdemeanor the defendant can be tried by less than twelve jurors." And to the same purport, *S. v. Van Matre,* 49 Mo. (8 Post), 269.

The whole subject seems to be fully and sensibly summed up in 16 R. C. L., 217, where it is set out with abundant authority: "As a general rule, jury trials being a mere constitutional privilege, it may be waived, except in trial for capital offenses"; and on p. 219, it is held that, although there is a diversity of decisions on the point, one charged with the commission of felony cannot on pleading not guilty waive trial by jury, though numerous authorities are cited to the contrary. Among the cases whose reasoning on this point is most worthy of consideration are: *S. v. Kaufman,* 51 Iowa, 579; *Commonwealth v. Daily,* 66 Mass., 80, *supra; Murphy v. Commonwealth,* 58 Ky., 365; *S. v. Sackett,* 39 Minn., 69; *S. v. White,* 33 La. Annual, 1219.

In this State the subject of the origin of jury trial and the right to waive the same was fully discussed in *S. v. Rogers,* 162 N. C., 656. That case was an indictment for murder, and the Court held, "When the defendant pleads not guilty in such a case as that he cannot waive a trial by jury of twelve men." This is in accord with the authorities above cited from other States, but we have no case which holds that in trials for misdemeanor the defendant cannot agree that the verdict may be rendered by a jury of less than twelve men or dispense with the requirement of unanimity. However, we place this decision squarely upon the ground that the record, which is not impeached, states that the trial and conviction was by twelve jurors whose names are duly recited, and the record must prevail over any contrary statement appearing in the case on appeal.

No error.

WALKER and ADAMS, JJ., concur in result.