NORTH CAROLINA CORPORATION COMMISSION v. MARTIN COUNTY SAVINGS AND TRUST COMPANY.

(Filed 21 September, 1927.)

**Banks and Banking—Receivers—Trust Funds—Priorities—Parties—Appeal and Error.**

The surety on the bond of guardians, etc., who have deposited moneys in a bank since becoming insolvent, may not alone successfully petition the court in proceedings for dissolution of the bank brought by the Corporation Commission to have the funds so deposited declared a preference to the general creditors, and have the receiver accordingly pay them, without making the guardians, etc., parties to the proceedings, there being otherwise a want of necessary parties to the determination of the matter.

APPEAL by R. L. Coburn, receiver, from *Nunn, J.,* at June Term, 1927, of MARTIN.

The National Surety Company filed a petition and motion in the above cause, asking that the receiver of the Martin County Savings and Trust Company be directed to pay in full the claims of certain guardians, receivers and administrators, out of moneys in the hands of the receiver, alleging that said claims were entitled to a preference over general creditors.

From an order directing the payment in full of said specified claims in preference to the claims of general creditors, the receiver appeals, assigning error.

*S. Brown Shepherd and James E. Shepherd for petitioner, National Surety Company.*

*Wheeler Martin for "certain fiduciary claimants."*

*B. A. Critcher and A. R. Dunning for R. L. Coburn, receiver, appellant.*

STACY, C. J. It may fairly be assumed from the title of the cause, though no definite statement to the effect appears on the record, that a proceeding by the North Carolina Corporation Commission against the Martin County Savings and Trust Company, to wind up the affairs of an insolvent bank, is pending in the Superior Court of Martin County. In this proceeding, it seems, the National Surety Company, being surety on the bonds of certain guardians, receivers and administrators, filed an unverified petition and motion in the cause, asking that the claims of these fiduciaries, arising from deposits had in said bank at the time of its failure, be paid in full before the claims of other creditors, as they are entitled, so petitioner alleges, to priority and preference in the distribution of the assets of said company.

It is not alleged that the National Surety Company would be liable for the payment of said claims in the event they are not paid by the receiver, and it is observed that the fiduciaries do not join in this request, doubtless for the reason that their interests and the interests of their surety may not in this respect be identical. True, counsel for petitioner and counsel "for certain of the fiduciary claimants," not named on the record, join in a single brief, filed in this Court, but we find no order making any of the fiduciary claimants parties of record, nor have they filed any pleading in the cause. Furthermore, it is not alleged that the receiver will be unable to pay all the creditors in full, though this may be taken for granted, perhaps. At any rate, for lack of proper parties and sufficient interest shown upon the record, we think the court erred in directing preferential payment of these claims. For like reason, we do not pass upon the merits of the question. The receiver was properly advised in appealing from the order.

Error.