SAVANNAH RIGGAN, ADMINISTRATRIX, v. C. H. HARRISON ET AL.

(Filed 21 September, 1932.)

1. **Appeal and Error E a—The issues upon which a case is tried are a necessary part of the record proper.**

    The pleadings on which a case is tried, the issues, and the judgment appealed from are necessary parts of the record, Rule 19, sec. 1, and where the record does not contain these necessary parts the appeal will be dismissed.

**2. Appeal and Error G b—Exceptions not discussed in brief are abandoned.**

Exceptions which are not brought forward and discussed in appellant's brief are deemed abandoned. Rule 28.

**3. Appeal and Error F g—Affidavit for appeal in forma pauperis must contain averment that counsel has advised that there is error.**

The affidavit for appeal *in forma pauperis* must contain an averment that appellant is advised by counsel that there is error of law in the decision appealed from, C. S., 649, and the matter is jurisdictional and may not be cured by consent of counsel.

APPEAL by plaintiff from *Cowper, Special Judge,* at April Term, 1932, of HARNETT.

Civil action to recover damages for an alleged wrongful death, occasioned by an automobile accident.

It appears from the charge of the court that the usual issues of negligence, contributory negligence and damages were submitted to the jury, and it was stated on the argument that the first two issues were answered in the affirmative. The judgment recites they were answered in favor of the defendants.

The plaintiff appeals, assigning errors.

*Young & Young for plaintiff.*
*Thos. W. Ruffin for defendants.*

STACY, C. J. We have examined the seven assignments of error appearing on the record and find none of sufficient merit to warrant a new trial.

But for other reasons, the appeal must be dismissed.

1. Rule 19, sec. 1, provides that "the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." The issues upon which the case was tried are not in the record. It is the uniform practice to dismiss the appeal for failure to send up necessary parts of the record proper. *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Waters v. Waters, ibid.,* 667, 155 S. E., 564.

2. None of the assignments of error is brought forward and discussed in appellant's brief. They are, therefore, deemed to be abandoned. *S. v. Lea, ante,* 13. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." Rule 28; *In re Beard,* 202 N. C., 661, 163 S. E., 748.

3. The appeal is *in forma pauperis,* and the affidavit is defective in that it does not contain the averment as required by C. S., 649, that appellant "is advised by counsel learned in the law that there is error of law in the decision of the Superior Court in said action." This is a jurisdictional matter. *Honeycutt v. Watkins,* 151 N. C., 652, 65 S. E., 762.

Following the entry of appeal is the notation: "Appeal *in forma pauperis* by consent." This, of course, is unavailing. 7 R. C. L., 1039.

Appeal dismissed.