MAY LEE ARMSTRONG v. HOME SERVICE STORES, INCORPORATED.

(Filed 28 September, 1932.)

**Appeal and Error E a—Where necessary parts of record proper are not sent up the appeal will be dismissed.**

The pleadings on which the case is tried, the issues, and the judgment appealed from are necessary parts of the record proper, Rule 19(1), and where no statement of case on appeal has been settled by agreement or otherwise and the record fails to contain the necessary parts and is too meager to authorize a determination of the question sought to be presented the appeal will be dismissed.

APPEAL by H. Bryan Duffy from *Cranmer, J.,* at February Term, 1932, of CRAVEN.

Claim for preference apparently filed in a receivership proceeding, which resulted in a denial of the claim, and claimant appeals.

*Charles L. Abernethy, Jr., for H. Bryan Duffy.*
*G. A. Barden for Carmichael, receiver.*

STACY, C. J. From an order made at the February Term, 1932, Craven Superior Court, notice of appeal was entered by "Plaintiff, H. Bryan Duffy," who was allowed thirty days to make out and serve

statement of case on appeal, and "Defendant, Receiver," given thirty days thereafter to prepare and file exceptions or countercase. No statement of case on appeal has been settled by agreement or otherwise. The petition and answer upon which the claim was heard are not in the record. It is provided by Rule 19(1) that "the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." Failure to send up necessary parts of the record proper has uniformly resulted in dismissal of the appeal. *Riggan v. Harrison, ante,* 191; *Everett v. Fair Association,* 202 N. C., 838; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Waters v. Waters, ibid.,* 667, 155 S. E., 564.

Appellant's statement of case was served 3 September, long after time for serving it had expired. Time for filing exceptions or countercase has not yet expired, if appellant's statement was served under agreement of extension or waiver.

It may be presumed perhaps that a proceeding, entitled as above, is pending in the Superior Court of Craven County, though this fact has not been made to appear in any accredited way, except by the clerk's certificate. The record is too meager to authorize a determination of the question sought to be presented.

Appeal dismissed.