J. D. PAYNE v. W. W. BROWN ET AL.

(Filed 24 January, 1934.)

**1. Appeal and Error E a—**

The pleadings, issues and judgment appealed from are necessary parts of the record proper, and where they are not contained in the record the appeal will be dismissed.

**2. Appeal and Error E c—**

It is the duty of appellant to see that the record is properly made up and transmitted.

APPEAL by plaintiff from *Small, J.,* at June Term, 1933, of ALA-MANCE.

*John J. Henderson for plaintiff.*
*Coulter & Allen for defendant Boone.*

STACY, C. J. We are not able to determine the nature of this proceeding from the record. But whatever its purpose, it seems that exceptions

to a referee's report were heard by Judge Midyette, at May Term, 1932. His rulings were apparently handed to the clerk with the statement that they should go upon the judgment docket "when the defendants have paid $300 into court." Appeal noted.

Later (the time not indicated), this conditional or purported judgment appears to have been stricken out by Cowper, special judge. Presumably, this was done at a term of court held in Alamance County, though the record is silent on the point, and the validity of the order may be doubted. *Wellons v. Lassiter,* 200 N. C., 474, 157 S. E., 434.

At the June Term, 1933, the plaintiff moved for a "rehearing on the referee's report," and further "that there be a rehearing of the referee's report, exceptions filed, and a final judgment upon said hearing." Motion denied and plaintiff appeals.

It would seem that a judgment of some kind should be entered upon the referee's report, and if exceptions were duly and seasonably filed thereto, they should be ruled upon, but the motion seems to be for a "rehearing on the referee's report," whatever this may mean.

The appeal must be dismissed, for the reason that the pleadings and the referee's report have been omitted from the record, and we are not able to ascertain what it is all about. *Parks v. Seagraves,* 203 N. C., 647, 166 S. E., 747. Rule 19, sec. 1, of the Rules of Practice provides that "the pleadings on which the case was tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." It is the uniform practice to dismiss the appeal for failure to send up necessary parts of the record proper. *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Waters v. Waters, ibid.,* 667, 155 S. E., 564.

It is the duty of appellant to see that the record is properly made up and transmitted. *S. v. Golden,* 203 N. C., 440, 166 S. E., 311; *S. v. Frizell,* 111 N. C., 722, 16 S. E., 409.

Appeal dismissed.