### STATE OF NORTH CAROLINA v. RAVENSFORD LUMBER COMPANY et al.

(Filed 19 September, 1934.)

**1. Appeal and Error E a—**

The pleadings are a necessary part of the record proper upon appeal, and where the pleadings are omitted from the record, the appeal must be dismissed. Rule of Practice No. 19, sec. 1.

**2. Appeal and Error E g—**

The Supreme Court can judicially know only what properly appears on the record.

Schenck, J., took no part in the consideration or decision of this case.

Appeal by respondent, Ravensford Lumber Company, from *Schenck, J.,* at May Term, 1934, of Buncombe.

Special proceeding, instituted under authority of chapter 48, Public Laws 1927, to condemn lands for park and recreational purposes in the Great Smoky Mountains of North Carolina.

It appears from the record that the jury of view made its award, from which the respondents appealed to the Superior Court, where the issue of damages was tried *de novo* before a jury.

Certain alleged items of expenses, including taxes and insurance premiums, paid by respondent *pendente lite,* were not allowed as elements of damage, the court being of opinion that their recoverability could not arise until after final judgment and "after the commissioners have determined whether they elect to acquire the title." Objection; exception.

Judgment on the verdict was entered at the November Special Term, 1933, from which an appeal was noted, but not prosecuted, and the same was canceled by payment 30 April, 1934.

Thereafter, upon motion in the cause, it was determined that respondent is precluded from claiming, by way of expenses incurred, taxes and insurance premiums paid *pendente lite,* as damages for the lands condemned in this proceeding. From this ruling the respondent appeals, assigning errors.

*Winborne & Proctor and Johnston & Horner for petitioner.*
*Jones & Ward and Johnson, Rollins & Uzzell for respondents.*

Stacy, C. J. It may well be doubted whether any valid exceptive assignment of error has been made to appear, but as the pleadings on which the case was tried have been omitted from the record, the appeal must be dismissed in accordance with the uniform practice in such cases. *Payne v. Brown,* 205 N. C., 785, 172 S. E., 348; *Parks v. Seagraves,*

203 N. C., 647, 166 S. E., 747; *Armstrong v. Service Stores,* 203 N. C., 231, 165 S. E., 680; *Everett v. Fair Association,* 202 N. C., 838, 162 S. E., 896; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126. Failure to send up necessary parts of the record proper has uniformly resulted in dismissal of the appeal. *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Waters v. Waters,* 199 N. C., 667, 155 S. E., 564.

It is provided by Rule 19, sec. 1, of the Rules of Practice, that "the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." The pleadings are essential in order that we may be advised as to the nature of the action or proceeding. *Waters v. Waters, supra.* We can judicially know only what properly appears on the record. *Chesson v. Bank,* 190 N. C., 187, 129 S. E., 403; *S. v. Wheeler,* 185 N. C., 670, 116 S. E., 413; *Walton v. McKesson,* 101 N. C., 428, 7 S. E., 566.

Appeal dismissed.

SCHENCK, J., took no part in the consideration or decision of this case.