UNION CENTRAL LIFE INSURANCE, INC., v. G. F. BULLARD ET AL.

(Filed 28 January, 1935.)

**1. Appeal and Error E g—**

Where there is a conflict between recitals in the case on appeal and the judgment appealed from, the recitals in the judgment are controlling.

**2. Appeal and Error E a—**

Where the pleadings are omitted from the record by agreement of the parties the appeal will be dismissed, since the pleadings are necessary to inform the Court of the nature of the action or proceeding and the Court can judicially know only what appears on the record. Rule 19, sec. 1.

APPEAL by defendants from *Cranmer, J.,* at May Term, 1934, of BLADEN.

Summary proceeding in ejectment, tried before a justice of the peace on 5 April, 1934, which resulted in a judgment for the plaintiff.

In the agreed statement of case on appeal it appears that "on 11 April, 1934, the justice of the peace duly sent up the defendant's case on appeal and the same was duly docketed by the clerk of the Superior Court." Notice of appeal, dated 11 April, 1934, showing service by sheriff on counsel and agent for plaintiff, "time 11:30 a.m.," also appears in the agreed statement of case on appeal.

But it is recited in the judgment, "and it further appearing to the court from the records, and by admission of counsel for defendants, that no notice of appeal was given in open court, and that thereafter no notice of appeal was ever served upon the plaintiff as by statute in such cases made and provided, and that no proper notice of appeal has ever been given the plaintiff";

Now, therefore, on motion of counsel for plaintiff, appearing specifically for the purpose of moving to dismiss the appeal, it is "ordered and decreed that the appeal of the defendants be and the same is hereby dismissed."

From this ruling the defendants appeal, assigning errors.

*Oliver Carter, Jr., and H. H. Clark for plaintiff.*
*A. M. Moore for defendants.*

STACY, C. J. It will be observed that there is an apparent conflict between what appears in the judgment and the case on appeal. Where such conflict exists, the recitals appearing in the record proper are controlling. *Bartholomew v. Parrish,* 190 N. C., 151, 129 S. E., 190; *Moore v. Moore,* 185 N. C., 332, 117 S. E., 12; *S. v. Wheeler,* 185 N. C., 670, 116 S. E., 413. "Where there is a repugnancy between the record and the case stated, the record will control." *S. v. Keeter,* 80 N. C., 472.

But for another reason the appeal must be dismissed. It is agreed "that the affidavits, summons, and pleadings were in due form," and therefore they were omitted from the record. This is fatal to the appeal. *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Waters v. Waters,* 199 N. C., 667, 155 S. E., 564. It is provided by Rule 19, sec. 1, of the Rules of Practice that "the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." The pleadings are essential in order that we may be advised as to the nature of the action or proceeding. *Waters v. Waters, supra.* We can judicially know only what properly appears on the record. *S. v. Lumber Co., ante,* 47, 175 S. E., 713.

Appeal dismissed.