### BEULAH B. GOODMAN v. L. VICTOR GOODMAN.

(Filed 18 September, 1935.)

**Appeal and Error E a—Appeal will be dismissed when the record does not contain necessary parts.**

The pleadings, issues, and judgment appealed from are necessary parts of the record proper, Rule 19 (1), and where the judgment alone appears of record, the appeal will be dismissed, since the pleadings are essential

to advise the Court as to the nature of the action or proceedings, the judicial knowledge of the Court being limited to matters properly appearing of record.

APPEAL by defendant from *Warlick, J.,* at June Term, 1935, of BUNCOMBE.

Motion in the cause to require defendant to pay alimony according to terms of decree entered at July Term, 1931, Buncombe Superior Court, affirmed on appeal, *Goodman v. Goodman,* 201 N. C., 794, 161 S. E., 688.

The motion was heard upon affidavits, none of which appears in the record. Compliance is resisted presumably upon the grounds that in a subsequent action brought by the defendant against the plaintiff, it is alleged a decree of absolute divorce was entered under the two-years separation statute, C. S., 1659 (a), at the December Term, 1933, Buncombe Superior Court.

It was apparently the contention of movant that this subsequent divorce, even if properly granted, was no defense to plaintiff's motion under the decision in *Howell v. Howell,* 206 N. C., 672, 174 S. E., 921.

It further appears that at the February Term, 1934, the alimony decree was by consent modified and reduced in amount, payable in installments of $20.00 each, with the understanding: "In the event of the failure of the said L. V. Goodman to make any of the foregoing payments at the time and place provided, the said plaintiff, Beulah Goodman, shall by such failure be restored to all the rights for the payment of any moneys due her by the said L. V. Goodman that she had prior to the entering of this consent judgment, it being the intent and purpose of this judgment to secure the payment of the $350.00 and to provide against the waiver of nothing by the said Beulah Goodman in event that the said L. V. Goodman does not live up to the letter and spirit thereof."

From an order allowing the plaintiff's motion, the defendant appeals, assigning errors.

*Zeb F. Curtis and Ellis C. Jones for plaintiff.*
*W. A. Sullivan for defendant.*

STACY, C. J. We are precluded from considering or determining the question sought to be presented by defendant's appeal for the reason that the case, as sent up, consists entirely of the judgment, and no other part of the record proper appears in the transcript. *Ins. Co. v. Bullard,* 207 N. C., 652, 178 S. E., 113; *S. v. Lbr. Co.,* 207 N. C., 47, 175 S. E., 713.

14—208

It is provided by Rule 19, section 1, of the Rules of Practice that "the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." The pleadings are essential in order that we may be advised as to the nature of the action or proceeding. *Waters v. Waters,* 199 N. C., 667, 155 S. E., 564. Judicial knowledge arises only from what properly appears on the record. *Walton v. McKesson,* 101 N. C., 428, 7 S. E., 566.

Failure to send up necessary parts of the record proper has uniformly resulted in dismissal of the appeal. *Payne v. Brown,* 205 N. C., 785, 172 S. E., 348; *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Ins. Co. v. Bullard, supra; S. v. Lumber Co., supra.*

Appeal dismissed.