THE FARMERS BANK OF CLAYTON v. NELLIE HORNE McCULLERS ET AL.

(Filed 17 March, 1937.)

**Appeal and Error §§ 19, 31f—**

The pleadings are a necessary part of the record and may not be omitted by consent of the parties, and where the record is inadequate to establish the jurisdiction of the Supreme Court and put it in efficient relation and connection with the court below, the appeal will be dismissed. Rule of Practice in the Supreme Court, No. 19, sec. 1.

APPEAL by L. T. Rose, agent of plaintiff, from *Cranmer, J.,* at September Term, 1936, of JOHNSTON.

Motion by L. T. Rose for allowance out of funds in hands of receiver for services rendered in "receivership had in proceedings supplemental to execution."

From order directing the receiver to pay out all funds in his hands, and "to complete his liquidation of said estate as early as practicable and file his final report herein," the movant, "L. T. Rose, agent of the plaintiff bank," excepts and appeals.

*Parker & Lee for L. T. Rose, appellant.*
*Abell & Shepard for J. L. George and A. A. Corbett, appellees.*

STACY, C. J. It is stipulated by counsel "that the original records in the cases are not necessary on the appeal, and are therefore omitted by consent." This is fatal to the appeal. *Ins. Co. v. Bullard,* 207 N. C.,

BANKING CO. *v.* BANK.

652, 178 S. E., 113. Compare *Corp. Com. v. Trust Co.,* 194 N. C., 239, 139 S. E., 244. It is provided by Rule 19, sec. 1, of the Rules of Practice that "the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." The pleadings are essential in order that we may be advised as to the nature of the action or proceeding. *Waters v. Waters,* 199 N. C., 667, 155 S. E., 564.

The record consists of certain judgments, orders, and reports. No written motion or application of appellant appears in the transcript. Indeed, the judgment from which the appeal is taken contains no reference to such motion. The record is too meager "to establish the jurisdiction of this Court and put it in efficient relation and connection with the court below." *Walton v. McKesson,* 101 N. C., 428, 7 S. E., 566; *Payne v. Brown,* 205 N. C., 785, 172 S. E., 348. Failure to send up adequate record has uniformly resulted in dismissal of the appeal. *S. v. Lbr. Co.,* 207 N. C., 47, 175 S. E., 713. Judicial knowledge arises only from what properly appears on the record. *Goodman v. Goodman,* 208 N. C., 416, 181 S. E., 328; *Ins. Co. v. Bullard, supra.*

On the authorities cited, and others of similar import, the attempted appeal must be dismissed. *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Waters v. Waters, supra; Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Appeal dismissed.