E. E. ERICSON v. INA ERICSON.

(Filed 5 June, 1946.)

**1. Divorce § 14—**

> A cross action for alimony without divorce, G. S., 50-16, cannot be maintained nor a consent judgment based upon such cross action entered in the husband's action for divorce on the ground of two years separation. But in the instant case the record fails to contain the complaint in the cross action, and since its nature does not appear the validity of the consent judgment is not considered or determined, but the appeal is dismissed.

**2. Appeal and Error § 19—**

> The pleadings are a necessary part of the record proper upon appeal, and where the pleadings are omitted from the record, the appeal must be dismissed. Rule of Practice in the Supreme Court, No. 19, sec. 1. Nor will memoranda of the pleadings suffice. Rule 20.

**3. Appeal and Error § 22—**

> Judicial knowledge arises only from what properly appears on the record.

APPEAL by plaintiff from *Stevens, J.,* at December Term, 1945, of ORANGE.

Civil action for absolute divorce on ground of two years separation. The record on this appeal consists of:

(1) Notice of defendant's motion in the cause served upon plaintiff.

(2) Defendant's verified petition and motion in the cause for order adjudging plaintiff in contempt of court for willful disobedience of an order requiring him to pay to defendant $100 per month for her support and maintenance so long as she remains unmarried, in accordance with

provisions of a consent judgment dated 10 June, 1940, entered upon her cross complaint in this action at June Term, 1940, of Superior Court of Orange County, North Carolina—copy of the consent judgment and copy of judgment of absolute divorce declared to be concurrent with the consent judgment and also entered at said June Term, 1940, of said court, being attached as exhibits.

(3) Verified answer of plaintiff to defendant's petition and motion in the cause, in which he denies material allegations thereof and prays "that ruling requiring him to show cause be discharged, and that the allowance of $100 per month to be paid to the defendant by the terms of the consent judgment above referred to be stricken out or that it be reduced to an amount commensurate with his financial condition and ability to pay."

(4) Statement of evidence offered by plaintiff and by defendant upon hearing on defendant's said petition and motion in the cause.

(5) Judgment and order upon the motion in which the court found as facts, among others, that plaintiff "has wilfully failed and refused to comply with the provisions of said judgment of June 10th, 1940, with respect to payments due . . .," and that "his disobedience to the terms thereof was willful and contumacious, constituting an intentional resistance to a lawful order of the court . . .," and ordered "that plaintiff be confined to the common jail of Orange County until he has made all payments required of him under the judgment of June 10, 1940, and until he complies with the orders of the court or is otherwise discharged according to law."

Plaintiff excepted to the action of the court in refusing to modify consent judgment as a matter of law and to the judgment as signed by the court, and assigns same as errors, and appeals to the Supreme Court.

*Fuller, Reade, Umstead & Fuller for plaintiff, appellant.*
*Victor S. Bryant for defendant, appellee.*

WINBORNE, J. The questions presented on this appeal constitute fundamentally a challenge to the jurisdiction of the court to enter in this action the consent judgment upon which the contempt proceeding against plaintiff is predicated. This makes it necessary to consider the nature of the pleading on defendant's cross action upon which the consent judgment appears to rest.

If alimony without divorce, under G. S., 50-16, formerly C. S., 1667, were the nature and purpose of the pleading, it could not be maintained by cross action in a suit for divorce instituted by the husband. See *Silver v. Silver,* 220 N. C., 191, 16 S. E. (2d), 834; *Shore v. Shore,* 220 N. C., 802, 18 S. E. (2d), 353, and cases cited.

However, it is noted at the threshold of this appeal that the pleadings are not contained in the record filed in this Court. Only memoranda of the purport of the pleadings are shown. Hence, while it may be doubted that any of plaintiff's assignments of error is tenable, we are precluded from considering or determining them. *Goodman v. Goodman,* 208 N. C., 416, 181 S. E., 328. The pleadings are essential in order that we may be advised as to the nature of the action or proceeding. *Waters v. Waters,* 199 N. C., 667, 155 S. E., 564; *S. v. Lumber Co.,* 207 N. C., 47, 175 S. E., 713; *Ins. Co. v. Bullard,* 207 N. C., 652, 178 S. E., 113; *Goodman v. Goodman, supra; Bank v. McCullers,* 211 N. C., 327, 190 S. E., 217; *Washington County v. Land Co.,* 222 N. C., 637, 24 S. E. (2d), 338. "The pleadings are a necessary part of the record proper upon appeal, and where the pleadings are omitted from the record, the appeal must be dismissed," headnote epitomizing the holding in *S. v. Lumber Co., supra.* See also *Plott v. Construction Co.,* 198 N. C., 782, 153 S. E., 396; *Waters v. Waters, supra; Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Everett v. Fair Association,* 202 N. C., 838, 162 S. E., 896; *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Armstrong v. Service Stores,* 203 N. C., 231, 165 S. E., 680; *Parks v. Seagraves,* 203 N. C., 647, 166 S. E., 747; *Payne v. Brown,* 205 N. C., 785, 172 S. E., 348; *Ins. Co. v. Bullard, supra; Goodman v. Goodman, supra; Bank v. McCullers, supra; Washington County v. Land Co., supra.* Such is the uniform practice.

Rule 19, section 1, of the Rules of Practice in the Supreme Court, 221 N. C., 544, at page 533, requires "that the pleadings on which the case is tried, the issues, and judgment appealed from shall be a part of the transcript in all cases."

And Rule 20 of Rules of Practice provides that "memoranda of pleadings will not be received or recognized in the Supreme Court as pleadings, even by consent." See *Plott v. Construction Co., supra; Bank v. McCullers, supra.*

Judicial knowledge arises only from what properly appears on the record. *Walton v. McKesson,* 101 N. C., 428, 7 S. E., 566; *Goodman v. Goodman, supra; S. v. Lumber Co., supra.*

Appeal dismissed.