J. B. SMOAK v. M. D. NEWTON and JAKE NEWTON.

(Filed 7 November, 1951.)

**Appeal and Error § 19—**

On appeal from judgment dismissing an appeal for failure to serve statement of case on appeal in apt time, record containing only the judgment of dismissal, notice of the motion, the motion, affidavit filed, and appeal entry, is insufficient, there being nothing in the record to show date of termination of the term at which the original judgment was entered or record from which time for serving case on appeal may be calculated in determining the validity of the judgment of dismissal. Rule of Practice in the Supreme Court 19 (1).

APPEAL by plaintiff from judgment, dated 20 March, 1951, entered in this action by *Phillips, Judge* presiding at March Term, 1951, of Superior Court of RANDOLPH County, allowing motion of defendants to dismiss, and dismissing appeal to Supreme Court taken by plaintiff from a judgment also entered in this action at January Term, 1951, of said Superior Court for that, in accordance with finding of fact made upon hearing of the motion, statement of case on appeal on such appeal had not been served properly and in apt time.

An order, entered by the judge in settling case on appeal from the judgment of 20 March, 1951, rules that such appeal should, in addition to said judgment, consist of notice of the motion, the motion, an affidavit filed, and appeal entry signed 20 March, 1951. And the transcript of record and case on appeal to this Court contains nothing more.

Plaintiff appeals to Supreme Court, assigning error.

*Ottway Burton for plaintiff, appellant.*
*Miller & Moser for defendants, appellees.*

WINBORNE, J.  Clearly the transcript of record on this appeal fails to meet the requirements of Rules 19 (1) and 20 of the Rules of Practice in the Supreme Court of North Carolina, 221 N.C. 543, at pages 553 and 557. The summons, the pleadings, and the organization of the court, and the judgment at the January Term, 1951, and the appeal entries from judgment then so entered, are all absent. And there is no record showing date of termination of the said January Term, 1951, or other record from which time for serving case on appeal from the judgment of January Term, 1951, may be calculated in considering the validity of the judgment at March Term, 1951, from which this appeal is taken.

Rule 19 (1) expressly requires "that the pleadings on which the case is tried, the issues and the judgment appealed from shall be a part of

the transcript in all cases." And in Rule 20, it is provided that even "memoranda of pleadings will not be received or recognized in the Supreme Court as pleadings, even by consent." And "where the pleadings are omitted from the record, the appeal must be dismissed." See *S. v. Lbr. Co.*, 207 N.C. 47, 175 S.E. 713; see also *Washington County v. Land Co.*, 222 N.C. 637, 24 S.E. 2d 338; *Ericson v. Ericson*, 226 N.C. 474, 38 S.E. 2d 517, where the authorities are assembled.

Whether plaintiff may now be entitled to a writ of *certiorari* as in *Chozen Confections, Inc. v. Johnson*, 220 N.C. 432, 17 S.E. 2d 505, is not here presented.

Appeal dismissed.