J. E. ALLEN v. JONAH ALLEN AND WIFE MABEL ALLEN, CURTIS ALLEN AND WIFE DOROTHY ALLEN, HERBERT ALLEN AND WIFE MARY LEE ALLEN.

(Filed 7 May, 1952.)

**Appeal and Error §§ 19, 31g—**

Appeal from judgment of the Superior Court dismissing action in summary ejectment for want of jurisdiction in the justice of the peace will be dismissed in the Supreme Court when the record fails to contain summons, pleadings or affidavit required by G.S. 42-28.

APPEAL by plaintiff from *Moore, J.,* November Term, 1951, of MOORE.

This is a summary proceeding in ejectment begun before a Justice of the Peace. Judgment was rendered 9 June, 1950, for the plaintiff. Defendants appealed to the Superior Court.

On the trial in the Superior Court, after hearing the testimony of the plaintiff, the court held that the action involves title to real estate and the question of betterments, as set out in the answer of the defendants, and that the Justice of the Peace before whom the case was tried had no jurisdiction to try the same; that the relation of landlord and tenant does not exist between the plaintiff and the defendants; and that there is a fatal misjoinder of parties and causes of action as alleged by the defendants in their answer.

Judgment was entered dismissing the action. The plaintiff appeals and assigns error.

*Seawell & Seawell for plaintiff, appellant.*

*Spence & Boyette for defendants, appellees.*

DENNY, J. The affidavit, summons, and pleadings of the plaintiff are not set forth in the transcript of the record, docketed in this Court, as required by Rule 19, sec. 1, of our Rules of Practice, 221 N.C. at page 553. The pleadings are an essential part of the record in order that we may be advised as to the nature of the action or proceeding. *Insurance Co. v. Bullard,* 207 N.C. 652, 178 S.E. 113.

Moreover, in a summary proceeding in ejectment the "oath in writing," required by G.S. 42-28, must allege certain essential facts in order to confer jurisdiction. *Howell v. Branson,* 226 N.C. 264, 37 S.E. 2d 687. Therefore, the omission of these essential parts of the transcript, as required by our Rules, is fatal to the appeal. *Ericson v. Ericson,* 226 N.C. 474, 38 S.E. 2d 517; *Washington County v. Land Co.,* 222 N.C. 637, 24 S.E. 2d 338; *Bank v. McCullers,* 211 N.C. 327, 190 S.E. 217; *Insurance Co. v. Bullard, supra; S. v. Lumber Co.,* 207 N.C. 47, 175 S.E. 713; *Waters v. Waters,* 199 N.C. 667, 155 S.E. 564; *Plott v. Construction Co.,*

198 N.C. 782, 153 S.E. 396; *Schwarberg v. Howard,* 197 N.C. 126, 147 S.E. 741. "Failure to send up necessary parts of the record proper has uniformly resulted in dismissal of the appeal." *Goodman v. Goodman,* 208 N.C. 416, 181 S.E. 328; *Payne v. Brown,* 205 N.C. 785, 172 S.E. 348; *Riggan v. Harrison,* 203 N.C. 191, 165 S.E. 358; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126.

Appeal dismissed.