## MILTON WARSHAW v. RUTH A. WARSHAW.

(Filed 6 January, 1953.)

**1. Appeal and Error § 31g—**

Where the record does not contain any paper relative to service and no stipulation in respect thereto, and no pleading save the answer, the appeal must be dismissed. Rule of Practice in the Supreme Court 19.

**2. Appeal and Error § 20a—**

The rules of the Supreme Court governing appeals are mandatory and not directory, and must be universally enforced.

**3. Trial § 5—**

Trial prior to the expiration of the time for filing answer is at least a material irregularity, since the cause is not then at issue.

**4. Appeal and Error § 6c (3)—**

An exception to the signing of the judgment and to the "findings of fact" is a broadside exception which merely challenges the sufficiency of the facts found to support the judgment.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Nimocks, J.,* March Term, 1952, CUMBERLAND. Affirmed.

Civil action for divorce heard on motion to vacate judgment.

Plaintiff instituted this action 25 August 1948 against defendant, a nonresident. He undertook to serve summons by publication. No answer was filed and the cause was tried and a decree of divorce entered at the term of court beginning 25 October 1948. On 12 July 1949 defendant moved before the clerk that the cause be reopened to permit her to make a general appearance and file answer. The clerk entered an order which was later vacated by the judge. Details in respect thereto are not material on this appeal. An answer was filed.

On 29 December 1951 defendant filed a motion to vacate the original decree of divorce. The motion was in part on the ground the decree had been entered prior to any valid service of summons. The facts in respect thereto as found by the court below and as disclosed by the record are these: Summons herein was issued 30 August 1948 and was returned unserved for the reason defendant was a nonresident and could not be found within this State. On 30 August 1948 plaintiff filed his affidavit to obtain service by publication. On the same day the clerk entered his order authorizing and directing substitute service of summons. Notice of the action was duly published. This notice required defendant to appear on 1 October 1948 and answer or demur within thirty days thereafter as required by statute. The notice failed to designate the place where defendant was required to appear or what she was required to answer. (The facts in respect to service by publication appear in an affidavit filed by defendant.) The cause was tried and the original decree was entered at a term of court which convened 25 October 1948. The plaintiff made a "special appearance" and moved to dismiss the motion for that the court was without jurisdiction of the parties or the cause of action. He likewise demurred on the grounds set out in his written demurrer which appears of record.

The court below, after finding the essential facts, adjudged "that the divorce decree rendered at said October 1948 Term be, and it is hereby set aside, vacated and declared void in all respects." Plaintiff excepted and appealed.

*Malcolm McQueen for plaintiff appellant.*
*Robert H. Dye for defendant appellee.*

BARNHILL, J.  The record in this cause does not include the summons, the affidavit for publication, the order for service by publication, or the notice of the action as published. Nor does it contain any of the pleadings save and except an answer filed by defendant after the final decree of divorce was entered. There is no stipulation of record in respect to the service of summons. These defects in the record necessitate a dismissal of the appeal. Rule 19, Rules of Practice in the Supreme Court, 221 N.C. 553; *Plott v. Construction Co.,* 198 N.C. 782, 153 S.E. 396; *Waters v. Waters,* 199 N.C. 667, 155 S.E. 564; *Riggan v. Harrison,* 203 N.C. 191, 165 S.E. 358; *Insurance Co. v. Bullard,* 207 N.C. 652, 178 S.E. 113; *Goodman v. Goodman,* 208 N.C. 416, 181 S.E. 328; *Bank v. McCullers,* 211 N.C. 327, 190 S.E. 217; *Ericson v. Ericson,* 226 N.C. 474, 38 S.E. 2d 517.

The rules of this Court governing appeals are mandatory and not directory. *Calvert v. Carstarphen,* 133 N.C. 25; *Pruitt v. Wood,* 199

N.C. 788, 156 S.E. 126, and cases cited. To assure uniformity of treatment they must be universally enforced. *Stone v. Ledbetter,* 191 N.C. 777, 133 S.E. 162; *Jones v. Jones,* 232 N.C. 518, 61 S.E. 2d 335.

We may note that this disposition of the appeal deprives the plaintiff of no substantial right. The original cause was tried before the time for answer had expired. It was not then at issue. Whether the decree entered on the verdict is void we are not presently required to decide. Suffice it to say there was at least material irregularity in the proceeding.

Furthermore, the only exception is to the signing of the judgment and to "findings of fact." This is a broadside exception which merely challenges the sufficiency of the facts found to support the judgment entered. *Vestal v. Vending Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427.

Incidentally, the record presents a somewhat novel situation. The plaintiff insists that the original decree is valid and should be sustained. At the same time he asserts that the court below erred in failing to rule on his demurrer for that the court is without jurisdiction of the parties or the cause of action.

The defendant has now made a general appearance and filed answer. Thus she has submitted herself to the jurisdiction of the court. The cause will remain on the civil issue docket and the plaintiff may proceed to trial if he is so advised.

Appeal dismissed.

PARKER, J., took no part in the consideration or decision of this case.