WILSON GRIFFIN AND NELL JOHNSON GRIFFIN, CO-PARTNERS, TRADING AS WILSON GRIFFIN DECORATORS, v. J. C. BARNES AND WIFE, HENRIETTA J. BARNES.

(Filed 25 May, 1955.)

**1. Appeal and Error § 19—**

The pleadings are a necessary part of the record proper upon appeal, and where the pleadings are omitted from the record, the appeal must be dismissed.

**2. Appeal and Error § 22—**

The Supreme Court can judicially know only what properly appears on the record.

**3. Process § 5a—**

Under the rule that ministerial duties of the office of sheriff may be performed by a substitute or deputy, it would seem that a rural police officer who works under the supervision and direction of the sheriff by provision of local act and resolution of the county commissioners, may serve a summons for and on behalf of the sheriff.

APPEAL by defendants from *Huskins, S. J.,* at January Special Civil Term, 1955, of CUMBERLAND.

A purported civil action heard in Superior Court upon motion of defendants to dismiss same for that the court has not properly acquired jurisdiction over the persons of these defendants in that summons has not been served upon them by the Sheriff of Harnett County to whom it was addressed.

On such hearing the court found these facts:

"FIRST: That on March 8, 1954 summons was issued by C. W. Broadfoot, Clerk of the Superior Court of Cumberland County and directed, 'To the Sheriff of Harnett County' for service on the defendants, J. D. Barnes and Henrietta J. Barnes. That said summons was issued under the seal of the court.

"SECOND: That the summons, together with copies of summons and complaint were forwarded to the Sheriff of Harnett County where it was placed in the hands of B. E. Sturgill, a Rural Policeman of said County, who works under the supervision of and under the direction of the Sheriff of Harnett County under the provisions of a Public Local Act of the 1953 General Assembly of North Carolina and under a Resolution of the Board of Commissioners of Harnett County providing that said Rural Police Officer should 'serve under the direction and supervision of the Sheriff of Harnett County.' That this said Rural Police officer served said summons for the Sheriff of Harnett County according to the tenor of said process and made the following return: 'Served

3-9-1954.  Served on the defendants, J. D. Barnes and Henrietta J. Barnes by reading the within summons to them and by leaving with each of them copies of summons and complaint.'  Endorsed 'W. E. Salmon, Sheriff Harnett County, by B. E. Sturgill, R. P.'

"THIRD: That at the time of the service of this process on the defendants the said B. E. Sturgill by reason of his office as Rural Policeman had authority to serve a process of this type for and in behalf of the Sheriff of Harnett County, and the defendants are properly before the court."

Thereupon the court, in an order entered, adjudged that the motion of defendants that the action be dismissed be denied.  Defendants excepted to the findings of fact and to the denial of their motion and to the entering of the order, and appeal to Supreme Court and assign error.

*Nance & Barrington for plaintiffs, appellees.*
*J. A. McLeod and Max E. McLeod for defendants, appellants.*

WINBORNE, J.  It is noted at the threshold of this appeal that while in the record filed in this Court reference is made to a complaint in this purported action, no pleadings are contained therein.  "The pleadings are a necessary part of the record proper upon appeal, and where the pleadings are omitted from the record, the appeal must be dismissed,"— headnote epitomizing this holding in *S. v. Lumber Co.*, 207 N.C. 47, 175 S.E. 713.  Such is the uniform practice in this Court.  See also Rule 19, Section 1 of the Rules of Practice in the Supreme Court, 221 N.C. 544, at 553, and *Ericson v. Ericson*, 226 N.C. 474, 38 S.E. 2d 517, and cases cited.  Judicial knowledge arises only from what properly appears on the record.  *Goodman v. Goodman*, 208 N.C. 416, 181 S.E. 328; *Macon v. Murray*, 240 N.C. 116, 81 S.E. 2d 126.

And while it may be doubted whether any valid exceptive assignment of error has been made to appear, it is not amiss to say: The contents of a summons is specified in G.S. 1-89.  "It must run in the name of the State . . . and be directed to the sheriff or other proper officers of the county or counties in which the defendants or any of them reside or may be found."  And in the main the duties of the office of sheriff are prescribed by statute, *Commrs. v. Stedman*, 141 N.C. 448, 54 S.E. 269, and are ministerial in character, and, as to such ministerial duties, it is implied when not so provided by statute, that he may act by a substitute or deputy.  *Yeargin v. Siler*, 83 N.C. 348; *R. R. v. Fisher*, 109 N.C. 1, 13 S.E. 698; *Borders v. Cline*, 212 N.C. 472, 193 S.E. 826.  The findings of fact appear to be accordant with this principle.

Appeal dismissed.