ANNA B. THRUSH v. W. E. THRUSH, INDIVIDUALLY, AND W. E. THRUSH, TRADING AND DOING BUSINESS AS THRUSH ENTERPRISES, AND H. B. MEISELMAN AND WIFE, CLAIRE MEISELMAN, AND F. B. GRAHAM, TRUSTEE.

(Filed 21 November, 1956.)

**Appeal and Error § 33—**

The court considered verified pleadings in making its findings of fact, but the complaint was not included in the record on appeal upon exceptions to the findings. *Held:* The appeal must be dismissed under the mandatory rule that the pleadings, issues and judgment shall be a part of the transcript in all cases and that memoranda of pleadings may not be substituted even by consent of counsel. Rules of Practice in the Supreme Court Nos. 19 and 20.

JOHNSON, J., not sitting.

APPEAL by defendants from *Moore (Clifton L.), J.,* in Chambers, 14 April, 1956, NEW HANOVER Superior Court.

Civil action to set aside a deed of separation executed on 19 December, 1953, by W. E. Thrush and Anna B. Thrush, then husband and wife. The agreement required the defendant to pay to the plaintiff the sum of $20,000 as a full property settlement. The defendant executed a note payable in quarterly installments over a period of four years, and secured the payment by deed of trust to Thomas L. Rhodes, Trustee, on certain described lands.

The plaintiff brought this action on 3 June, 1954, in which she alleged the execution of the deed of separation was procured by coercion and duress and she asked that it be set aside. Before the defendant filed answer, the parties entered into a consent judgment before the clerk superior court in which it was adjudged (1) that the deed of trust and

the note "be, and the same are canceled and of noneffect"; (2) that the defendant within 90 days pay to the plaintiff the sum of $23,000 in full settlement of all claims; (3) that the judgment shall be inoperative unless the payment be made within the specified time. The judgment was signed by the clerk, by the parties and by their attorneys.

Before the expiration of the 90-day period the defendant filed a motion in the cause, supported by affidavit, stating he had tendered $23,000 to the plaintiff but that she failed and refused to surrender the note and deed of trust, and he prayed that he be permitted to pay the amount into court and that $20,000 of the amount be retained by the clerk until the plaintiff surrendered the note. The plaintiff replied to the motion, stating the note had been lost, mislaid or stolen, and that she had not assigned or transferred it. After hearing, participated in by both parties, Judge Frizzelle ordered the defendant to pay the full sum into court, that the clerk pay $3,000 to the plaintiff and her attorney and retain $20,000 until the plaintiff either surrendered the note or executed a good and sufficient bond to indemnify against loss in the event the note was found to be held by an innocent purchaser. The plaintiff accepted the $3,000 but failed to produce either the note or the bond. However, she procured the payment on an *ex parte* order of the sum of $7,500 from the clerk and returned $4,000 of that amount when the order was rescinded.

On 16 May, 1955, relying upon the cancellation of the deed of trust in the consent judgment, H. B. Meiselman and wife, Claire Meiselman, purchased from W. E. Thrush the land in question and accepted and recorded his deed thereto. They in turn executed a deed of trust to F. B. Graham, Trustee, pledging the land as security for a loan of $50,000 from Wilmington Savings and Trust Company. On 29 March, 1956, H. B. and Claire Meiselman and Graham, Trustee, were permitted to intervene in the cause.

On 14 April, 1956, upon plaintiff's motion, Judge Moore held a hearing and after considering "affidavits, motions, minutes, deeds, records, exhibits, and *all verified pleadings*," made findings of fact and stated his conclusions of law covering approximately 10 pages of the record. Based upon the findings and conclusions, Judge Moore ordered (1) that the clerk pay over to the plaintiff the $16,500 in his hands upon condition that Rhodes, Trustee, "shall have cancelled the deed of trust dated December 19, 1953"; (2) "the defendant at his own expense" shall obtain a surety for the plaintiff on an indemnity bond against loss on account of unproduced note, and upon his failure to do so for 60 days payment shall be made to the plaintiff; (3) in case of appeal, proceedings shall be stayed pending decision; (4) if the lost note shall be presented to the defendant or to the clerk, all proceedings shall be suspended until further orders.

The defendant Thrush requested specific findings of fact which the court denied, and he excepted to specific findings which the court made. All defendants excepted to the order and appealed, assigning errors.

*Elkins & Calder,*
*By: Robert E. Calder, for plaintiff, appellee.*
*J. H. Ferguson, for defendant W. E. Thrush, appellant.*
*Marsden Bellamy, George Rountree, Jr., for defendant interveners, appellants.*

HIGGINS, J. Rule No. 19 of the Rules of Practice in the Supreme Court provides that pleadings, issues and judgment shall be a part of the transcript in all cases. Rule 20 provides that memoranda of pleadings will not be received or recognized in the Supreme Court as pleadings, even by consent of counsel. The record in this case does not contain the complaint. The trial judge took its contents into account in his findings of fact. Exceptions were duly taken both to the court's findings and to its refusal to make requested findings. On review here, therefore, this Court, in the absence of the complaint, cannot have before it all the evidence upon which the court based its findings. The absence of the complaint from the record makes it necessary to dismiss the appeal. This procedure has been uniform since *Allen v. Hammond,* 122 N.C. 754, 30 S.E. 16. The decisions of this Court following the *Hammond case* are collected and analyzed in *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; and since that decision the rule has been observed in *Gardner v. Moose,* 200 N.C. 88, 156 S.E. 243; *Lipe v. Stanly County,* 200 N.C. 92, 156 S.E. 243; *Riggan v. Harrison,* 203 N.C. 191, 165 S.E. 358; *Armstrong v. Service Stores,* 203 N.C. 231, 165 S.E. 680; *Parks v. Seagraves,* 203 N.C. 647, 166 S.E. 747; *Payne v. Brown,* 205 N.C. 785, 172 S.E. 348; *S. v. Lumber Co.,* 207 N.C. 47, 175 S.E. 713; *Goodman v. Goodman,* 208 N.C. 416, 181 S.E. 328; *Abernethy v. Trust Co.,* 211 N.C. 450, 190 S.E. 735; *Washington County v. Land Co.,* 222 N.C. 637, 24 S.E. 2d 338; *Ericson v. Ericson,* 226 N.C. 474, 38 S.E. 2d 517; *Campbell v. Campbell,* 226 N.C. 653, 39 S.E. 2d 812; *Macon v. Murray,* 240 N.C. 116, 81 S.E. 2d 126; *Griffin v. Barnes,* 242 N.C. 306, 87 S.E. 2d 560.

The foregoing citation of authority is intended to emphasize the uniform holding that compliance with the rule is mandatory.

In dismissing the appeal this Court does not affirm the order entered by Judge Moore on 14 April, 1956, but leaves it as if no appeal had been taken. Whether the findings of fact and conclusions of law are supported by the evidence, and whether that order modifies, changes or overrules Judge Frizzelle's prior order, are questions not decided on this appeal.

Appeal dismissed.

