ELEANOR KING MOONEYHAM v. A. O. MOONEYHAM.

(Filed 25 February, 1959.)

**1. Judgments § 27b—**

The finding of a meritorious defense is essential to the validity of an order setting aside a judgment for surprise under G.S. 1-220.

**2. Appeal and Error § 33—**

Upon appeal from an order setting aside a default judgment upon

the court's finding of surprise and a meritorious defense, the verified answer of defendant, attached to the motion to set aside, is a necessary part of the record proper, since in its absence it cannot be determined whether the finding of a meritorious defense was supported by evidence. Rule of Practice in the Supreme Court No. 19(1).

**3. Appeal and Error § 34—**

Responsibility for sending up the necessary parts of the record proper is upon the appellant, and his failure to send up necessary parts of the record proper necessitates dismissal of the appeal.

APPEAL by plaintiff from *Patton, J.,* August Term, 1958, of BUN-COMBE.

This is an action for alimony without divorce under G.S. 50-16. Upon defendant's failure to file answer in time, the Clerk of the Superior Court, on motion of plaintiff without notice to defendant, entered judgment by default and inquiry. G.S. 1-212. In apt time defendant moved, in writing, to set aside the clerk's judgment under G.S. 1-220. The motion recited that verified answer of defendant was attached thereto and made a part thereof. The motion came on for hearing before Judge Patton. The court found as a fact that defendant had a meritorious defense and that the judgment had been entered "to the surprise of the defendant"; and the court set aside the clerk's judgment. To Judge Patton's judgment plaintiff excepted and appealed.

*Williams & Williams and James N. Golding for plaintiff, appellant.*
*Harry C. Martin for defendant, appellee.*

MOORE, J. The defendant moved in this Court to dismiss the appeal for failure of plaintiff appellant to send up defendant's verified answer as a part of the transcript of the record proper, in compliance with Rule 19, section (1), of our Rules of Practice. The verified answer which had been attached to defendant's motion to set aside the clerk's judgment was not sent as a part of the transcript of the record proper. Indeed, it was admitted by plaintiff's counsel here that the record with respect to a motion to strike and alimony *pendente lite* were not made a part of the transcript, because counsel deemed that these were not necessary to an understanding of the exceptions relied on.

The proffered answer was attached to and made a part of the motion heard by Judge Patton and was a part of the record proper. We must assume that the Judge below considered it. Plaintiff excepted to the finding that the defendant had a meritorious defense. Such

finding was essential to the validity of Judge Patton's judgment. *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507; *Stephens v. Childers*, 236 N.C. 348, 72 S.E. 849. Whether there was error in this finding, this Court cannot determine without the proffered answer before it. Therefore this answer, omitted from the transcript, is an essential part of the record proper in this case. Under Rule 19, section (1), only such records may be omitted as are "not involved and not necessary to an understanding of the exceptions relied on."

No case on appeal was served on defendant. The appeal came up on the record proper. The responsibility for sending the necessary parts of the record proper is upon the appellant.

"Failure to send up necessary parts of the record proper has uniformly resulted in dismissal of the appeal." *Allen v. Allen*, 235 N.C. 554, 70 S.E. 2d 505. See also *Thrush v. Thrush*, 245 N.C. 63, 94 S.E. 2d 897; *Pace v. Pace*, 244 N.C. 698, 94 S.E. 2d 819; *Griffin v. Barnes*, 242 N.C. 306, 87 S.E. 2d 560; *Goodman v. Goodman*, 208 N.C. 416, 181 S.E. 328.

This case stands as if no appeal had been taken from Judge Patton's judgment. The defendant may file his answer within thirty days from the date this opinion is certified to the Superior Court.

Appeal dismissed.