H. C. TUCKER and J. C. GAMBILL, Trading and Doing Business Under the Style and Firm Name of TUCKER AND GAMBILL, v. THE BANK OF ASHE, Liquidating Agent for the PEOPLES BANK AND TRUST COMPANY, et al.

(Filed 25 January, 1933.)

Judgments F b—Judgment in this case held ambiguous and not supported by the record and a new trial is awarded.

Where a judgment is ambiguous resort may be had to the pleadings and record to ascertain its meaning, but when it remains ambiguous and not supported by the record when thus considered a new trial will be awarded.

Appeal by defendants from *Stack, J.,* and a jury, at July Term, 1932, of Ashe. New trial.

The following judgment was rendered in the court below:

"This cause coming on to be heard before his Honor, A. M. Stack, judge presiding, and a jury, upon the pleadings, evidence, and the following issues:

"1. Did the plaintiffs, Tucker and Gambill on said 27 May, 1925, pay to said Peoples Bank and Trust Company $2,972 to be credited on a $1,970 note and a $1,300 note due said bank by the plaintiffs, then held as collateral by the Bank of Bristol or some other bank, as alleged? 2. Were the two notes in question of $1,970 and of $1,300 given in renewal or exchange for the two notes named in the issue above? 3. In what amount are plaintiffs now indebted to the Peoples Bank and Trust Company on said two last named notes?

"And the jury having answered the first issue yes and the second issue yes and the third issue '$478.00 with interest from 27 May, 1925, until paid'; and it appearing to the court that there is another suit in this court brought by the Bank of Ashe, liquidating agent for the Peoples Bank and Trust Company, against Tucker and Gambill, for the recovery of the amount due on the renewals of the two notes; one for $1,970 and one for $1,300 described in the second issue.

"It is therefore, upon motion of C. W. Higgins, attorney for the plaintiffs in this cause, considered and adjudged that the amount due by the plaintiffs to the Peoples Bank and Trust Company on the two notes set out in the second issue was $478.00 on 27 May, 1925. It is therefore considered and adjudged by the court that the Bank of Ashe, liquidating agent of the Peoples Bank and Trust Company, recover of Tucker and Gambill the sum of $478.00 with interest on the same from 27 May, 1925, less any payments made by them on the two notes referred to or the renewal thereof. Credits by interest or otherwise to be allowed. It is further adjudged that the defendant pay the cost of this action, to be taxed by the clerk."

The defendants excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*C. W. Higgins and R. F. Crouse for plaintiffs.*
*T. C. Bowie, Ira T. Johnston and W. B. Austin for defendants.*

PER CURIAM. There are many exceptions and assignments of error made by defendants that we think unnecessary to consider.

We have read the record and the briefs of the litigants with care. From the record in this Court the judgment is ambiguous and not supported by the record. Defendants agreed to nothing and stood on their legal rights which they had a right to do.

In Vol. 1, 2d ed., Black on Judgments, part section 123 pp. 179-180, speaking to the subject we find: "The rule for the construction of ambiguous judgments is clearly stated by the Supreme Court of Kansas in the following language: 'Wherever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and the other proceedings; and if, with the light thus thrown upon such entry, its obscurity is dispelled and its intended signification made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms.' This rule also applies to decrees in equity. The meaning and effect of a decree may, in case of doubt, be ascertained by reference to the bill and other proceedings, particularly when these are referred to in the decree itself. And for this purpose, recourse may be had to duly attested stipulations between the parties. But where a judgment refers to the findings for certain data, and the findings do not contain the data, but refer again to the pleadings, which are also uncertain, the judgment will be reversed for uncertainty."

In *Southerland v. Crump,* 199 N. C., at p. 113, "With respect to a disputed question of fact we can know judicially only what the record discloses." For the reasons stated above there must be a

New trial.