J. W. HOKE, ADMINISTRATOR OF D. A. ABERNETHY, DECEASED, v. FIRST SECURITY TRUST COMPANY, TRUSTEE.

(Filed 28 January, 1935.)

Executors and Administrators C b: Mortgages H b——Executor may not maintain suit to restrain foreclosure of mortgage on lands devised by will.

The owner of lands executed a will devising certain lands to his wife and children in common, with direction to the executor named in the instrument to divide the lands equally among them. Thereafter he executed a power of attorney and deed of trust on the lands. After his death the administrator *c. t. a.* brought action to cancel the power of attorney and deed of trust and restrain foreclosure thereunder upon allegations of mental incapacity: *Held,* the action should have been dismissed and the temporary restraining order dissolved, since the administrator

*c. t. a.* had no interest in the lands and could not maintain an action in respect thereto, the law casting title to the lands upon the devisees upon the death of testator, and the direction for equal division of the lands not conveying any interest therein to the executor. Nor would this result be altered by an allegation that the personalty of deceased was insufficient to pay the debts of the estate, since an executor authorized to sell lands to make assets may not enjoin the foreclosure of a valid deed of trust against the property.

APPEAL by defendant from *Harding, J.,* at August Term, 1934, of CATAWBA. Reversed.

The plaintiff is the administrator *cum testamento annexo* of D. A. Abernethy, who died in Catawba County, North Carolina, during the month of October, 1933, having first made and published his last will and testament, which has been duly probated and recorded. The said last will and testament was executed on 31 July, 1928, and contains the following provisions with respect to the real estate of the testator:

"Third. I desire that my real estate be divided equally in value between my wife and my children; accordingly I devise to my wife and to each of my children a one-sixth undivided interest in all my real estate. My executor shall divide said real estate, and in making said division I recommend that my wife receive the home place, with sufficient land and timber but not including the Mill Property, and that the value of her share of real estate be as of the time of my death of the actual land owned by me and before any debts are charged against any real estate. The share of John W. Abernethy to include the property which he has improved and where he now lives. The share of Dr. Andrew Abernethy to be allotted next to and adjoining his present farm which he purchased from Mrs. Bell Bowman. The share of my deceased son, Arvin M. Abernethy, which goes to his children, to embrace the lands closest to his late home place. In each and all cases, I direct that my executor allot the real estate to each child so as to place each child's share adjoining, if possible, land already owned by said child.

"In the equalization of the value of the shares herein directed, the improvements made by John W. Abernethy shall not be considered, that is, such improvements which were made by him shall be allotted to him and not charged against him.

"In the equalization of the shares of my deceased son, Arvin M. Abernethy, I direct that my executor take into consideration an exchange of land between myself and my late son wherein I deeded to him some good land in exchange for some poor land, and it was understood that the value of the poor land should be raised to that of the good land in ascertaining the value of his share."

"Fourth. I desire that my wife receive her share of the real estate free and clear of all obligations, and to that end I direct that my execu-

tor look to the balance of the real estate for the payment of any obligations of the estate in the event there should not be sufficient personal property not bequeathed."

By a codicil executed by the testator on 13 May, 1929, the share of his real estate devised to his wife in fee simple was devised to her for and during the term of her natural life.

On 13 May, 1929, D. A. Abernethy and his wife, Alice Abernethy, executed a power of attorney by which they appointed Dr. A. D. Abernethy as their attorney in fact. Among other things, the said Dr. A. D. Abernethy, as attorney in fact for the said D. A. Abernethy and his wife, Alice Abernethy, was authorized and empowered "to borrow money and make, execute, sign, and deliver mortgages on real estate now owned by us or any one of us, and standing in our names or in the name of any one of us, and to make, execute, sign, and deliver any and all promissory notes necessary in the premises."

It was provided in said power of attorney that the said Dr. A. D. Abernethy, out of the proceeds of the sale of any timber or land made by him, or out of any money borrowed by him, should pay the indebtedness of the said D. A. Abernethy or his wife, Alice Abernethy, to the First National Bank of Hickory, North Carolina.

The said power of attorney was duly recorded in the office of the Register of Deeds of Catawba County.

On 14 December, 1929, D. A. Abernethy and his wife, Alice Abernethy, executed a deed of trust by which, for the purpose of securing their two notes aggregating the sum of $4,295.37, payable to the First National Bank of Hickory, ninety days after date, they conveyed to the defendant First Security Trust Company, trustee, the lands described therein. Dr. A. D. Abernethy, as attorney in fact, joined in the execution of said deed of trust, which was thereafter duly recorded in the office of the register of deeds of Catawba County. The notes secured by said deed of trust have not been paid. At the request of the holder of said notes, the defendant, under the power of sale contained in said deed of trust, advertised the lands described therein for sale on 28 July, 1934.

This action was begun on 28 July, 1934, to restrain the sale of the lands described in the deed of trust by the defendant, and for the cancellation of the power of attorney and the deed of trust executed by D. A. Abernethy, deceased, on the ground that at the dates of their execution, respectively, the said D. A. Abernethy, on account of his advanced age and physical infirmities, was without sufficient mental capacity to execute either the power of attorney or the deed of trust.

The action was heard (1) on the motion of the defendant that the action be dismissed for that the plaintiff, on the facts alleged in his complaint, is not entitled to maintain the same, and (2) on the motion

of the defendant that the temporary restraining order issued in the action be dissolved.

Both motions were denied. From order continuing the restraining order to the final hearing, the defendant appealed to the Supreme Court.

*A. A. Whitener and Louis A. Whitener for plaintiff.*
*E. B. Cline and C. W. Bagby for defendant.*

CONNOR, J. In *Speed v. Perry,* 167 N. C., 122, 83 S. E., 176, which was an action to set aside certain deeds described in the complaint on the ground, among others, that the grantor in said deeds was without sufficient mental capacity to execute the same, it is said:

"There is another question in this case; the plaintiffs have shown no right to bring this suit. They have no cause of action. The real estate did not vest in them. This Court held, in *Floyd v. Herring,* 64 N. C., 409, following *Ferebee v. Procter,* 19 N. C., 439, that 'a personal representative has no control of the freehold estate of the deceased, unless it vested in him by a will, or where there is a deficiency of personal property and he obtains a license to sell real estate for the payment of debts. The control derived from a will may be either a naked power of sale or a power coupled with an interest. The heir of the testator is not divested of the estate which the law casts upon him by any power or trust until it is executed.'

"It is admitted that Mr. Davis' estate is solvent, he having had valuable property not encumbered by any debt. This being so, the executors cannot even sell to pay debts, for there are none. We do not know what disposition is made of the estate in the will, and unless they have acquired a right under it to bring this action, they are without standing in the court."

The plaintiff has acquired no right under the will of D. A. Abernethy, deceased, to bring this action. The testator devised all his real estate, including the land conveyed by the deed of trust, to the devisees named in the will. The direction in the will that the executor named therein divide all his real estate among the devisees in equal shares does not confer upon the plaintiff any interest in the land conveyed by the deed of trust. He therefore has no cause of action with respect to the real estate of the deceased by reason of the will. See *Barbee v. Cannady,* 191 N. C., 529, 132 S. E., 572.

It is not alleged in the complaint in this action, nor was it made to appear at the hearing, that the estate of D. A. Abernethy, deceased, is insolvent. Even if it had been so alleged, or if it had been made so to appear, the plaintiff was not entitled to an order restraining the sale of the land described in the deed of trust by the defendant. See *Miller v.*

*Shore,* 206 N. C., 732, 175 S. E., 133. In that case it is held that an executor is not entitled to an order restraining the sale of land owned by his testator at his death, under a valid deed of trust, which was executed by his testator, although the executor had obtained an order for the sale of the lands of his testator to make assets.

There was error in the refusal of defendant's motion that the action be dismissed. The order continuing the temporary restraining order to the final hearing is

Reversed.