A. D. ABERNETHY ET AL. v. FIRST SECURITY TRUST COMPANY ET AL.

(Filed 7 April, 1937.)

1. Judgments § 23—

Where it appears that a party was in the courtroom at the time the court announced that motions in his case would be heard the following day, his motion to set aside the order made on the day stipulated on the ground of excusable neglect is properly denied. C. S., 600.

2. Appeal and Error §§ 19, 31f—

The Supreme Court can judicially know only what appears of record, and where the transcript fails to contain the record proper the appeal will be dismissed, since the record is insufficient to establish the jurisdiction of the Supreme Court or put it in efficient connection with the court below.

APPEAL by movant, R. O. Abernethy, from *Alley, J.,* at November Term, 1936, of CATAWBA.

Motion made at September Term, 1936, to vacate order entered at July Term, 1936, on ground of excusable neglect. Motion denied. Movant appeals.

*R. O. Abernethy in propria persona, movant, appellant.*
*E. B. Cline and Charles W. Bagby for defendants, appellees.*

STACY, C. J. The matter was on the motion docket for hearing at the July Term, 1936. On Wednesday of the term, it was announced in open court that motions would be heard the following day. His honor finds that "the plaintiff R. O. Abernethy was actually present in court on Thursday morning." Upon this fact being made to appear, the court intimated that he would not be justified in setting aside the order on the ground of excusable neglect, *Dail v. Hawkins, ante,* 283, but that he would grant the plaintiff until the next term of court to make further showing, if he could, "why the order should be set aside for alleged excusable neglect." At the November Term, "the plaintiff R. O. Abernethy argued the matter at length, but presented no further or other reason for setting aside the former order"; whereupon the motion was dismissed and the matter "ordered to be dropped from the docket." The judgment accords with the decisions on the subject. C. S., 600; *Carter v. Anderson,* 208 N. C., 529, 181 S. E., 750; *Kerr v. Bank,* 205 N. C., 410, 171 S. E., 367; *Land Co. v. Wooten,* 177 N. C., 248, 98 S. E., 706; *Roberts v. Allman,* 106 N. C., 391, 11 S. E., 424.

But for another reason the appeal must be dismissed. The record proper has been omitted from the transcript on appeal. *Bank v. Mc-*

*Cullers, ante,* 327. The necessity of an adequate record "to establish the jurisdiction of this Court and put it in efficient relation and connection with the court below" (*Walton v. McKesson,* 101 N. C., 428, 7 S. E., 566), is well illustrated by the instant case, for, in one of the briefs, reference is made to the transcript in *Hoke v. Trust Co.,* reported in 207 N. C., 604, 178 S. E., 109, as containing a full recital of the facts, but it nowhere appears of record that the order, which movant seeks to vacate, was entered in the cited case, or that the cited case and the instant case are one and the same. We can know judicially only what appears of record. *Bank v. McCullers, supra; Tucker v. Bank,* 204 N. C., 120, 167 S. E., 495.

On the authorities cited, and others of similar import, the attempted appeal must be dismissed. *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358; *Waters v. Waters,* 199 N. C., 667, 155 S. E., 564; *Pruitt v. Wood, ibid.,* 788, 156 S. E., 126.

Appeal dismissed.