---
In re Cox
---

IN THE MATTER OF THE ESTATE OF C. F. COX (CHARLIE F. COX),
DECEASED

No. 7611SC802

(Filed 6 April 1977)

**Wills § 61— spouse's dissent — time for filing**

So long as a widow's dissent to her spouse's will is filed within six months after the issuance of letters testamentary, or extended pursuant to G.S. 30-2(a), it is timely, regardless of whether the estate and the property passing outside the will have been appraised in accordance with G.S. 30-1(c).

APPEAL by Executor from *Graham, Judge.* Order entered in Superior Court, HARNETT County. Heard in the Court of Appeals 10 March 1977.

Testator died on 7 June 1973. At that time his wife, Pearlie T. Cox, was 77 years old. In his will he bequeathed $1 to his son and gave his wife a life estate in all his real and personal property. Remainder interests in his real and personal property were given to his two daughters. On 19 June 1973 the will was probated in common form, and letters testamentary were issued to the executor named in the will. On 26 June 1973 Mrs. Cox filed a dissent from the will. On 12 February 1974 the executor submitted a 90-day inventory showing that the estate included real property worth $58,750 and personal property worth $6,018.93. Portions of the personal property were designated "Left in constructive Trust with Mrs. Cox." A certificate of deposit for $6,000 in the name of Mr. or Mrs. C. F. Cox was found in testator's safe deposit box.

The executor moved to dismiss the dissent filed by Mrs. Cox. The clerk of court overruled the motion and ordered that three disinterested persons be appointed to appraise the estate and the property passing from testator to Mrs. Cox outside the will. The executor appealed, and the superior court affirmed the clerk's decision. The executor appealed to this Court.

*Woodall & McCormick, by Edward H. McCormick, for the appellant executor.*

*Hoyle & Hoyle, by J. W. Hoyle, for the appellee.*

MARTIN, Judge.

Appellant executor contends in his only assignment of error that the clerk erred in refusing to dismiss Mrs. Cox's dissent, and the superior court erred in affirming the clerk's decision. He argues that the controlling question is whether Mrs. Cox, the surviving spouse, could dissent from the will of her husband without first establishing the *right* to dissent. He concedes that the dissent was filed by the widow within six months after letters testamentary were issued in compliance with G.S. 30-2, but he insists that G.S. 30-2 provides that a widow is not "entitled" to dissent from the will of her deceased spouse unless the estate and the property passing to the widow outside of the will have been appraised in accordance with G.S. 30-1(c). He thus contends that the appraisal under G.S. 30-1(c) is a prerequisite to and must precede the filing of the dissent. Since more than six months expired before the order of appraisal was finally entered by the clerk in the instant case, he therefore argues that it was too late for the widow to dissent from the will.

In *Bank v. Easterby*, 236 N.C. 599, 602, 73 S.E. 2d 541, 543 (1952) the Court said:

"The right of a widow to dissent from her husband's will is one given to her by law. And such right may be exercised by her at any time within the period fixed by statute. G.S. 30-1. Furthermore, in the exercise of such right, she is not required to assign any reason therefor."

The pertinent portion of G.S. 30-2(a) provides:

"Any person entitled under the provisions of G.S. 30-1 to dissent from the will of his or her deceased spouse, may do so by filing such dissent with the clerk of the superior court . . . at any time within six months after the issuance of letters . . . or if litigation that affects the share of the surviving spouse is pending at the expiration of the time allowed for filing the dissent, then within such reasonable time as may be allowed. . . ."

We interpret this statute to be a limitation as to the time when the spouse must dissent and is not conditioned on her *right* to dissent which may be determined either before or after the estate is appraised pursuant to G.S. 30-1(c). So long as the dissent is filed within six months after the issuance of letters

testamentary, or extended pursuant to 30-2(a), it is timely, regardless of whether the appraisal has been conducted.

Perhaps G.S. 30-2(a) is inartfully drawn. This, however, is a matter for the General Assembly. The question involved here seems to be a matter of first impression as no authority in this respect has been brought to our attention nor have we found any authoritative assistance from our research.

The right of Mrs. Cox to dissent from the will of her deceased husband will be determined when the commissioners appointed by the clerk determine and establish the value of the estate and the property passing outside of the will to the surviving spouse as a result of the death of the testator.

Affirmed.

Judges MORRIS and VAUGHN concur.