MARIE CANNON PHILLIPS v. HOWARD LEE PHILLIPS, JR., INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF HOWARD LEE PHILLIPS; HOWARD LEE PHILLIPS III; JOHN BRADFORD PHILLIPS; AND EDGAR W. TANNER, CLERK OF THE SUPERIOR COURT OF RUTHERFORD COUNTY

No. 7729SC19

(Filed 16 November 1977)

**1. Wills § 61— right to dissent—determination of "intestate share"**

In establishing the right of a surviving spouse to dissent from her deceased spouse's will pursuant to G.S. 30-1(a)(1), the determination of "intestate share" is based on the value of the decedent's net estate as provided in G.S. 29-14(1) rather than on the value of decedent's gross estate as of the date of his death as provided in G.S. 30-1(c), the purpose of G.S. 30-1(c) being to provide a method for determining the "aggregate value" of property passing to the surviving spouse both under and outside the will as a result of decedent's death.

**2. Wills § 61— right to dissent—property received less than intestate share**

   The aggregate value of property passing to plaintiff under and outside her
   deceased spouse's will was less than her intestate share, and plaintiff was thus
   entitled to dissent from the will, where the value of decedent's net estate after
   the deduction of mortgages and estate taxes was $168,665.70, plaintiff's in-
   testate share was one-half of the net estate or $84,332.85, plaintiff received no
   property under the will, and plaintiff received $70,000 in life insurance pro-
   ceeds outside the will.

APPEAL by defendants from *Griffin, Judge.* Judgment
entered 29 October 1976 in Superior Court, RUTHERFORD County.
Heard in the Court of Appeals 28 September 1977.

   Plaintiff, successive surviving spouse of the deceased Howard
Lee Phillips, instituted this action seeking a declaration of her
right to dissent from the will of decedent.

   Howard Lee Phillips died testate on April 8, 1975. At the
time of his death he was survived by Howard Lee Phillips, Jr., a
son by a former marriage, two grandchildren and plaintiff, his sec-
ond wife. Under the terms of decedent's will, plaintiff was given
nothing with the entire estate being divided equally among
decedent's son and two grandchildren. Outside the will, plaintiff
received as a result of her husband's death $70,000.00 in proceeds
from Metropolitan Life Insurance Company.

   On 11 September 1975, plaintiff filed with the Clerk of
Superior Court a dissent from the will of Howard Lee Phillips and
petitioned the court to appoint one or more disinterested persons
to determine the value of decedent's estate. The court appointed
Charles D. Owens who determined and established that the value
of the decedent's gross estate as of the date of his death was
$302,971.50.

   In November, 1975, plaintiff tendered to the Clerk of
Superior Court an order which contained a determination as a
matter of law that plaintiff was entitled to dissent from the
decedent's will, and further, was entitled to one-fourth of the net
estate of decedent. This order was never entered by the clerk.

   Plaintiff filed this action seeking a declaratory judgment on
March 11, 1976. The matter came on to be heard before Judge
Griffin in Rutherford County Superior Court. The parties
stipulated to findings of fact substantially as detailed above. In
addition, the parties stipulated that two deeds of trust en-

cumbered decedent's property: one to Northwestern Bank in the amount of $43,740.56, and the other to First Federal Savings and Loan in the amount of $38,853.79. The parties also stipulated that federal estate tax was an estimated $39,394.69 with accumulated interest of $1,877.16 and a penalty for delay in payment in the amount of $10,439.60.

Based on these findings of fact, the trial judge made the following pertinent conclusions of law:

> "2. That the surviving spouse, Marie C. Phillips [plaintiff], is entitled to dissent from the will of her deceased husband under the provisions of N.C. G.S. § 30-1(a)(1), as she received less than her intestate share from all other sources under or outside of her deceased spouse's will;

*   *   *

> "5. That the plaintiff, as the surviving spouse, and under the provisions of N.C. G.S. § 30-3, is entitled to ¼ of the net estate of her deceased spouse."

To the entry of judgment in plaintiff's favor, defendants excepted and appealed to this Court.

*Roberts, Caldwell and Planer, P.A., by Joseph B. Roberts III, for the plaintiff.*

*George R. Morrow and Robert W. Wolf, for the defendants.*

MARTIN, Judge.

The question raised by defendants on this appeal is whether *intestate share*, as used in G.S. 30-1(a) for purposes of establishing the right of a surviving spouse to dissent from the will of the deceased spouse, is to be determined from the testator's net estate or from his gross estate valued as of the date of death. Defendants contend that the trial judge erred in concluding that plaintiff was entitled to dissent in that the trial judge computed plaintiff's intestate share from decedent's *gross estate* rather than making such determination from his *net estate* as required by G.S. 29-14(1). In considering defendants' contention, we note at the outset that the trial judge's conclusion of law does not indicate the manner in which it was reached and thus, we review only his result in light of the applicable law.

The determination of this figure—intestate share—is essential to the establishment of the right to dissent as prescribed by G.S. 30-1(a). Under G.S. 30-1(a), the right of a surviving spouse to dissent arises when the aggregate value of property passing under the will and outside the will to the surviving spouse as a result of the testator's death is (1) less than the intestate share of such spouse, or (2) less than one-half the net estate of the testator where neither lineal descendant nor parent survive.[1] Thus, where the testator is survived by his spouse and a lineal descendant, the right of the surviving spouse to dissent is established by the determination and comparison of two figures: (1) the aggregate value of property passing under the will and outside the will to the surviving spouse; and (2) the intestate share of the surviving spouse. In the instant case, as plaintiff received nothing under the decedent's will and $70,000 in insurance proceeds, the aggregate value of property passing under and outside the will to plaintiff is $70,000. Under the statutory scheme set out by G.S. 30-1(a), the only figure remaining to be determined in order to establish plaintiff's right to dissent is her *intestate share*. If, upon proper determination of this figure, the $70,000 in proceeds is *less than* plaintiff's intestate share, plaintiff has a statutory right to dissent from the decedent's will. G.S. 30-1(a)(1).

The determination of a surviving spouse's intestate share is governed in the first instance by the "Intestate Succession Act" (Chapter 29 of the General Statutes). Under the provisions of the Act, when an intestate is survived by only one child the share of the surviving spouse is one-half of the decedent's *net estate*, including one-half of the personal property and one-half undivided interest in the real property. G.S. 29-14(1). Net estate is defined by statute as the estate of a decedent exclusive of family allowances, costs of administration, and all lawful claims against the estate. G.S. 29-2(5). Thus, a literal interpretation of the term "intestate share" as it is employed by G.S. 30-1(a) for purposes of establishing the right to dissent requires intestate share to be computed from net estate.

This interpretation is less clear in view of the language of G.S. 30-1(c) which provides that:

---

1. The 1975 amendment to G.S. 30-1(a), which makes special provision for determination of the right to dissent where the surviving spouse is a successive or second spouse, is applicable only to the estates of decedents dying after 1 October 1975, and thus, does not apply to the instant case.

"*For the purpose of establishing the right to dissent, the estate of the deceased spouse* and the property passing outside of the will to the surviving spouse as a result of the death of the testator *shall be determined and valued as of the date of his death,* which determination and value the executor or administrator with the will annexed and the surviving spouse are hereby authorized to establish by agreement subject to approval by the clerk of the superior court. If such personal representative and the surviving spouse do not so agree upon the determination and value, or if the surviving spouse is the personal representative, or if the clerk shall be of the opinion that the personal representative may not be able to represent the estate adversely to the surviving spouse, the clerk shall appoint one or more disinterested persons to make such determination and establish such value. Such determination and establishment of value made as herein authorized *shall be final for determining the right of dissent and shall be used exclusively for this purpose.*" (Emphasis added.)

[1]   The question now before this Court is whether the language of G.S. 30-1(c) emphasized above requires intestate share to be determined—for purposes of establishing the right to dissent—from decedent's *gross estate* valued as of the date of his death rather than from *net estate* as required by G.S. 29-14(1). In our view, G.S. 30-1(c) does not so affect the determination of *intestate share* for purposes of establishing the right to dissent. We hold that in establishing the right of a surviving spouse to dissent pursuant to G.S. 30-1(a)(1), the determination of intestate share is based on the value of the decedent's *net estate* as provided in Chapter 29 of the General Statutes.

In holding that G.S. 30-1(c) does not effectuate a change in the manner in which intestate share is to be determined, we do not render the statute without force or effect. We find that G.S. 30-1(c) provides a method for determining the value of benefits passing to the surviving spouse under and outside the will of the deceased spouse, which values are used to ascertain the "aggregate value" figure essential to the establishment of the right to dissent. Unlike the provisions in Chapter 29 providing for the determination of intestate share from net estate, no other statutory provision exists with respect to the time and manner of

determining these values which comprise the "aggregate value" figure. Thus, it is clear that the legislature intended G.S. 30-1(c) to remove this gap in the statutory scheme. However, it is not clear, and we do not so find, that G.S. 30-1(c) was also intended to change—for purposes of establishing the right to dissent—the method prescribed by Chapter 29 for determining intestate share. In this respect, we note that G.S. 30-1(a)(2) refers to the "net estate" of the deceased spouse for purposes of determining the right to dissent of a surviving spouse where the deceased spouse is survived by neither lineal descendant nor parent. This is further indication that the legislature found no inherent conflict between the concept of "net estate" and the establishment of the right to dissent.

We are not unmindful of the cases which hold generally that the right to dissent can be established once the determination and valuation prescribed by G.S. 30-1(c) has been made. *In re Cox*, 32 N.C. App. 765, 233 S.E. 2d 926 (1977); *In re Estate of Connor*, 5 N.C. App. 228, 168 S.E. 2d 245 (1969). Such language incorrectly suggests that *all* the figures necessary to establish the right to dissent can be determined as of the date of decedent's death pursuant to G.S. 30-1(c). In our view, only the first figure in the statutory scheme—the "aggregate value" of property passing to the surviving spouse under and outside the will—can be determined pursuant to G.S. 30-1(c). The other essential figure—intestate share—can be determined only at such time that "net estate" is ascertainable. We recognize that this may delay the final determination of a surviving spouse's right to dissent past the six month statute of limitation for filing a dissent. G.S. 30-2(a). However, the filing procedure prescribed by G.S. 30-2(a) is merely a limitation on the time within which a surviving spouse must note her dissent of record. It is not conditioned upon or determinative of the *right* to dissent which may not be established until some later date. *In re Cox, supra.* Thus, a surviving spouse can and, in fact, *must* file her dissent within the statutory time period even though her right to dissent is not finally established until "net estate" is acertained.

[2]  Applying the foregoing principles to the case at bar, we find that plaintiff is entitled to dissent from the will of her deceased husband and accordingly, we affirm the judgment of the trial court. The record discloses that the estate of Howard Lee Phillips

was valued as of the date of his death at $302,971.50. The record further reveals that the real estate was encumbered by mortgages totaling $82,594.35 and that federal estate tax, including interest and penalty charges, was estimated at $51,711.45. These figures constitute "lawful claims against the estate" and must be deducted to determine net estate. G.S. 29-2(5). From the deduction of these amounts, net estate can be reasonably ascertained — in the amount of $168,665.70 — for the purpose of computing the plaintiff's intestate share and establishing her right to dissent. Pursuant to G.S. 29-14(1), plaintiff's intestate share in the instant case is one-half of the sum ascertained as net estate or $84,332.85. Since the aggregate value of property passing to plaintiff under and outside her deceased spouse's will — $70,000 — is *less than* her intestate share, plaintiff is entitled to dissent from the will.

Finally, we note that for purposes of determining the actual share to be distributed to plaintiff — a successive surviving spouse — as a result of her dissent, G.S. 30-3(b) is controlling and states that she is entitled to one-half of her intestate share or one-fourth of decedent's net estate.

The judgment entered by the trial judge is

Affirmed.

Judges BRITT and HEDRICK concur.