IN THE MATTER OF THE ESTATE OF JOHN C. KIRKMAN, SR., DECEASED

No. 7714SC939

(Filed 7 November 1978)

1. Wills § 61— notice of dissent—sufficiency in question—jurisdiction of court

The executor-appellant's contention that, because there was nothing at issue in the estate to be decided, the trial court was without jurisdiction when he entered his initial order finding that notice of a widow's dissent to her deceased spouse's will had been properly filed is without merit, since the issue of the sufficiency of the widow's notice of dissent was properly before the court.

2. Wills § 61— notice of dissent—specific allegations not required

The executor-appellant's assertion that he was denied due process of law in that the notice of dissent filed by the widow contained no specific allegations which he could deny by way of an answer is without merit, since, under G.S. 30-2(a), an individual who chooses to dissent from the will of his or her spouse need only file such dissent with the clerk of superior court, and the giving of such notice is sufficient to alert the executor with respect to the intentions of the dissenting spouse and afford him ample opportunity to prepare for a hearing on the question of the spouse's statutory right to dissent.

3. Wills § 61— dissent—constitutionality of statutory procedure

The executor-appellant's contention that the procedure set forth in G.S. 30-1 for determining whether a surviving spouse has the right to dissent is so vague and uncertain as to be unconstitutional is without merit, since estimates of value of amounts passing under the will to the surviving spouse subject to a contingency and the amounts which must be subtracted from the decedent's gross estate to determine his net estate can be reasonably ascertained by the use of aids such as tax tables and expert witnesses.

APPEAL by executor from *McKinnon, Judge.* Order entered 22 June 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 23 August 1978.

This is an appeal by the executor of the estate of John C. Kirkman, Sr., who died on 12 December 1974. Kirkman was survived by his spouse, Minnie H. Kirkman, and by three children from a previous marriage. Both John C. Kirkman, Sr. and Minnie H. Kirkman had been married previously, and their respective, prior spouses had died. There were no lineal descendants of this second marriage.

On 31 December 1974, John C. Kirkman's will was probated in common form, and his son Thomas L. Kirkman was appointed executor pursuant to the terms of the will.

On 19 May 1975, within 6 months of the date on which Thomas Kirkman qualified as executor, Minnie H. Kirkman filed a notice of her intent to dissent from the will of John C. Kirkman, Sr. as provided for by G.S. 30-1. On 7 July 1975, Minnie H. Kirkman filed an application with the executor requesting that her year's allowance be distributed to her. On 22 September 1975, she filed a petition in a special proceeding, requesting a larger widow's allowance under G.S. 30-27. The executor filed an answer to the petition denying the allegations in it. On 5 November 1975, Minnie H. Kirkman filed and served on the executor a proposed stipulation of valuation of the estate of John C. Kirkman, Sr. to be used in determining her right to dissent from his will. At the same time she served notice on the executor of a hearing on a motion to have the court appoint one or more disinterested persons to establish such a valuation in the event the parties could not agree on a stipulated valuation. On 12 November 1975, Minnie H. Kirkman took a voluntary dismissal of her petition for a larger one year allowance.

Upon motion by the executor for removal of the case from the clerk of superior court, Judge Edwin S. Preston, on 19 November 1975, heard arguments of counsel and entered an order in the estate file. Judge Preston's order recited that the case was before him by consent of the parties and that the court was hearing the matter both as to the estate file and the special proceeding file. Judge Preston's order concluded that Minnie H. Kirkman had sufficiently preserved her right to dissent from the will by filing her notice of dissent on 19 May 1975, and that G.S. 30-1 empowered the clerk of superior court to appoint one or more disinterested persons to establish a valuation of the estate. The matter was remanded to the clerk, who, on 20 January 1976, entered an order appointing A. William Kennon as the disinterested person to establish a valuation of the estate for the purpose of determining Minnie H. Kirkman's right to dissent from the will. This order was appealed to superior court, which issued an order on 5 March 1976 affirming the clerk's order appointing A. William Kennon.

On 14 October 1976, A. William Kennon filed his report establishing a valuation of the estate. After conducting a hearing on the report, James Leo Carr, Clerk of Superior Court, entered an order on 24 November 1976 making findings of fact with

respect to valuation of the estate and concluded as a matter of law that Minnie H. Kirkman was entitled to dissent from her deceased husband's will. On 2 December 1976, the executor filed notice of appeal to superior court from this order of the clerk.

On 24 February 1977, the executor served a series of interrogatories on Minnie H. Kirkman. On 22 March 1977, objections to the interrogatories were filed on grounds that they pertained to issues and factual conclusions "heretofore litigated . . . and established by both the clerk of superior court and superior court judges presiding therein all as shown and set forth in the case on appeal of the Honorable James Leo Carr, Clerk of the Superior Court. . . ." On 19 May 1977, counsel for the executor served a calendar notice of a hearing on the appeal of the clerk's order of 24 November 1976. On 25 May 1977, counsel for the executor filed and served a notice of hearing on a motion to compel answers to the interrogatories and a motion for summary judgment. The motion for summary judgment was filed on 25 May 1977 with supporting affidavits.

On 9 June 1977, a hearing was held in superior court before Judge Henry A. McKinnon. The court ruled that the motion for summary judgment was improper and denied it. The court then proceeded to hear the matter on the executor's appeal from the clerk's order of 24 November 1976 finding that Minnie H. Kirkman was entitled to dissent from the will. After conducting a *de novo* hearing on the issue, including hearing the testimony of a consulting actuary, the court entered an order affirming the clerk's order of 24 November 1976. From this order of the court, the executor took a timely appeal.

*Nancy Fields Fadum for the executor-appellant.*

*E. C. Harris and John C. Randall for the appellee.*

BROCK, Chief Judge.

[1] The executor-appellant contends that the court was without jurisdiction when Judge Preston entered his initial order on 19 November 1976 finding that the notice of dissent had been properly filed. On that basis, he contends the 9 June 1977 order of Judge McKinnon finding that Minnie H. Kirkman was entitled to

dissent from the will is void because it was based on the initial proceeding of 19 November 1976 in which the court lacked jurisdiction.

Appellant contends the court lacked jurisdiction in the first proceeding because there had been no pleadings and there was nothing at issue in the estate to be decided. Appellant further contends that there was an unwarranted assumption of jurisdiction by the court when Judge Preston recited in his order that the matter was before the court by consent of the parties as to both the estate and the special proceeding file, since the widow had earlier taken a voluntary dismissal of her special proceeding petition. We find this assignment of error to be without merit. Judge Preston's order clearly reveals that the issue of the sufficiency of the widow's notice of dissent was properly before the court at the time. Since the widow had taken a voluntary dismissal of her special proceeding petition, that proceeding alone would have been insufficient to support the court's assumption of jurisdiction. But the reference in Judge Preston's order to the special proceeding file as a basis for jurisdiction is mere surplusage because there was clearly an adversary issue with respect to the estate proceedings supporting the court's assumption of jurisdiction.

[2]  The executor-appellant also asserts that he was denied due process of law in that the notice of dissent filed by the widow contained no specific allegations which he could deny by way of an answer. Under G.S. 30-2(a), an individual who chooses to dissent from the will of his or her spouse need only file such dissent with the clerk of superior court. The giving of such notice is sufficient to alert the executor with respect to the intentions of the dissenting spouse and afford him ample opportunity to prepare for a hearing on the question of the spouse's statutory right to dissent. In *Union National Bank of Charlotte v. Easterby*, 236 N.C. 599, 73 S.E. 2d 541 (1952), the Court, interpreting the similar dissent statute then in effect, observed that the right of a widow to dissent was given by law, and that, in the exercise of such right, *she is not required to assign any reason therefor*." 236 N.C. at 602, 73 S.E. 2d at 543. (Emphasis added.)

Appellant's assertion that the court lacked jurisdiction in the 19 November 1976 proceeding because notice of the hearing and an opportunity to be heard was not given to certain devisees of

real property under the will is equally without merit. The only authority cited by appellant in support of his assertion is *Hoke v. Trust Co.*, 207 N.C. 604, 178 S.E. 109 (1935). The holding in *Hoke* was that the executor did not have the right to bring an action with respect to the real property titled in the name of the deceased which had been devised under the will. That principle is not applicable to this proceeding, however, where the action was brought against the executor.

[3]   In assignments of error numbers 1 through 16, the executor-appellant raises the issue of the constitutionality of the procedure set forth in G.S. 30-1 for determining whether or not a surviving spouse has the right to dissent. Appellant asserts that because its terms are so vague and uncertain that persons of common intelligence must necessarily guess at its meaning and differ as to its application, the statutory procedure violates due process of law. The determination of whether or not a surviving spouse has the right to dissent involves the computation of three figures: (1) the aggregate value of the provisions under the will for the benefit of the surviving spouse; (2) the value of the property or interests in property passing in any manner outside the will to the surviving spouse as a result of the death of the testator; and (3) the intestate share of the surviving spouse. The first and second figures can be computed with relatively little difficulty in most cases. In this instance, however, the testator's will provided for the spouse to receive income from a trust fund in the amount of $2000 per calendar quarter with a possible increase in that amount contingent upon percentage fluctuations in the Consumer Price Index. Computation of the second figure can also be difficult in situations when the testator's will gives a trustee discretion to invade the principal of a trust established for the benefit of the surviving spouse. Computation of the third figure, the intestate share of the surviving spouse, necessarily involves computing the value of the decedent's net estate as well because the intestate share provided by satutute is a percentage of the net estate. Appellant points out the difficulties inherent in computing that figure, *e.g.*, determining the amount of estate taxes due, the amount of contingent claims against the estate, and the costs of administration, all of which must be subtracted from the decedent's gross estate to determine the net estate from which the surviving spouse's intestate share must be computed.

Although we are not unsympathetic with the difficulties inherent in the statutory procedure provided for determining the right of dissent, we do not believe the procedure is constitutionally infirm. We cannot conceive of a procedure for determining the right of a surviving spouse to dissent which would not involve at least some of the difficulties inherent in the present statute. Although estimates of value of amounts passing under the will to the surviving spouse subject to a contingency and the amounts which must be subtracted from the decedent's gross estate to determine his net estate may be difficult to make and subject to dispute, estimates can be derived from the use of aids such as tax tables and expert witnesses. Values computed by the use of such aids cannot be more than estimates. We think however, that the values which must be determined under the statutory procedure can be *reasonably ascertained* by the use of such methods and that the procedure is not, therefore, constitutionally invalid. *See Phillips v. Phillips*, 34 N.C. App. 428, 238 S.E. 2d 790 (1977), *cert. granted*, 294 N.C. 183, 241 S.E. 2d 518 (1978). We do not believe the procedure set forth in the statute authorizing dissent by a surviving spouse approaches that level of arbitrary governmental action necessary to support a claim of denial of due process.

We have examined the other assignments of error argued by the appellant and find them to be without merit.

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.