**BRYANT v. BOWERS**

[182 N.C. App. 338 (2007)]

───────────────

CALVIN B. BRYANT, AND MARK T. PRESTON, CO-EXECUTORS OF THE ESTATE OF DOLEN J. BOWERS, DECEASED, PLAINTIFFS v. HAZEL R. BOWERS, DEFENDANT

No. COA06-852

(Filed 20 March 2007)

**1. Declaratory Judgments; Estates— year's allowance— charged against share of decedent's estate**

The trial court did not err in a declaratory judgment action by ordering that the amount previously awarded to defendant widow as a year's allowance pursuant to N.C.G.S. § 30-27 be charged against her share of decedent's estate, because: (1) upon examination of the purpose of a year's allowance, it appears in contravention of legislative intent to charge a surviving spouse's $10,000 allowance under N.C.G.S. § 30-15 against the distributive share while not doing the same to a surviving spouse receiving signifi-

cantly more under the procedures prescribed by N.C.G.S. § 30-27; and (2) N.C.G.S. § 30-27 merely outlines an alternative procedural method to pursue larger allowances in superior court and should, in all other ways, be treated in like manner with allowances administered under N.C.G.S. § 30-15.

## 2. Estates— share of estate—deduction from joint income tax return

The trial court did not err in a declaratory judgment action by ordering that plaintiff executors deduct, from taxes paid on a joint North Carolina income tax return, $877.50 of the state income tax refund from defendant widow's share of the estate even though defendant contends that N.C.G.S. § 105-152(e) and N.C.G.S. §§ 28-15-8, 9 conflict on the issue, because: (1) N.C.G.S. § 105-152(e) applies to joint income tax returns filed by individuals; (2) N.C.G.S. §§ 28-15-8, 9 deal with the administration of a decedent's estate and apply to joint income tax returns filed by the estate rather than individuals; and (3) the tax refund in this case has been properly administered in accordance with N.C.G.S. § 28A-15-9.

Appeal by defendant from order entered 2 May 2006 by Judge John O. Craig, III in Guilford County Superior Court. Heard in the Court of Appeals 19 February 2007.

*Wyatt, Early, Harris, & Wheeler, LLP, by Stanley F. Hammer, for plaintiffs-appellees.*

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for defendant-appellant.*

MARTIN, Chief Judge.

Dolen Bowers ("decedent") died testate on 6 June 2003. Hazel Bowers ("defendant") is the widow of decedent and a named beneficiary of his will dated 5 March 2003. Calvin B. Bryant and Mark T. Preston ("plaintiffs") were named as co-executors of the estate. By the terms of the will, defendant was to receive an amount from decedent's estate sufficient to prevent defendant "from being able to dissent and claim an elective share." Defendant elected to have her year's allowance determined by the superior court pursuant to N.C.G.S. §§ 30-27, *et seq.* On 4 February 2004, the superior court entered a consent order directing the estate to pay defendant $112,115.20 as a surviving spouse's year's allowance.

Following decedent's death, the estate paid income taxes due from decedent and defendant, as husband and wife, for the second quarter of 2003. Defendant subsequently received state and federal income tax refunds, which she retained.

Plaintiffs brought this action seeking a declaratory judgment that the estate is entitled to deduct the year's allowance from defendant's share of decedent's estate as a beneficiary under his will, and that the estate is entitled to the tax refunds received by defendant.

After the matter was heard on stipulated facts, the superior court entered a judgment in which it ordered that the amount previously awarded defendant as a year's allowance be charged against her share of decedent's estate and that plaintiffs, as executors, deduct one-half of the federal income tax refund and $877.50 of the state income tax refund from defendant's share of the estate. Defendant appeals.

---

[1] Defendant argues on appeal that the year's allowance paid to a spouse pursuant to N.C.G.S. § 30-27 is not subject to a charge against the surviving spouse's share in the estate. The drafters of N.C.G.S. §§ 30-27 *et seq.* did not expressly indicate whether the allowance is charged against the surviving spouse's share in the estate. As a result, the question before this Court is one of statutory construction. The primary function of statutory construction is to ensure the purpose of the legislature. *State v. Anderson*, 57 N.C. App. 602, 605, 292 S.E.2d 163, 165 (1982). To this end, our Court considers "the language of the statute, the spirit of the act, and what the act seeks to accomplish." *Comr. of Insurance v. Automobile Rate Office*, 293 N.C. 365, 392, 239 S.E.2d 48, 65 (1977) (quoting *Stevenson v. City of Durham*, 281 N.C. 300, 303, 188 S.E.2d 281, 283 (1972)). It is presumed that the legislature acted with reason and common sense, and that statutory construction should avoid the creation of absurd results. *In re Brake*, 347 N.C. 339, 341, 493 S.E.2d 418, 420 (1997). "Parts of the same statute dealing with the same subject matter must be considered and interpreted as a whole." *Comr. of Insurance v. Automobile Rate Office*, 294 N.C. 60, 66, 241 S.E.2d 324, 328 (1978).

A year's allowance is allotted to a surviving spouse to meet immediate needs, maintain a standard of living, ease the mourning process and keep the family intact. *See Drewry v. Raleigh Savings Bank and Trust Co.*, 173 N.C. 719, 723, 92 S.E. 593, 594 (1917). N.C.G.S. § 30-15 entitles a surviving spouse to a year's allowance of $10,000 dollars payable out of the personal property of the deceased spouse and

charged against the share of the surviving spouse. *See* N.C. Gen. Stat. § 30-15 (2005). As an alternative, N.C.G.S. § 30-27 permits the following:

> It shall not, however, be obligatory on a surviving spouse or child to have the support assigned as above prescribed [G.S. §§ 30-15 *et seq.*]. Without application to the personal representative, the surviving spouse, or the child through his guardian or next friend, may at any time within one year after the decedent's death, apply to the superior court of the county in which administration was granted or the will probated to have a year's support assigned.

N.C. Gen. Stat. § 30-27 (2005). N.C.G.S. § 30-27 provides an opportunity for surviving spouses to apply for a larger allowance than that which is allowed under N.C.G.S. 30-15. *In re Kirkman*, 38 N.C. App. 515, 516, 248 S.E.2d 438, 439 (1978). The manner by which the superior court arrives ·at the amount of the allowance is set forth in N.C.G.S. § 30-31.

> The statute, G.S. 30-31, is designed to permit the allowance to the surviving spouse of a solvent decedent of an amount sufficient to maintain for a period that standard of living to which he or she had been accustomed, thereby avoiding the hardship which an immediate and drastic reduction in income would entail. This interpretation of the purpose of the statute is borne out by its history.

*Pritchard v. First-Citizens Bank & Trust Co.*, 38 N.C. App. 489, 491, 248 S.E.2d 467, 469 (1978).

Upon examination of the purpose of a year's allowance, it appears in contravention of legislative intent to charge a surviving spouse's $10,000 allowance against the distributive share while not doing the same to a surviving spouse receiving significantly more under the procedures prescribed by N.C.G.S. §§ 30-27 *et seq.* Reading our General Statute's year's allowance provisions as a whole, N.C.G.S. § 30-27 merely outlines an alternative procedural method to pursue larger allowances in superior court and should, in all other ways, be treated in like manner with allowances administered pursuant to N.C.G.S. § 30-15. In the present case, there was no error in the order charging the year's allowance against defendant's distributive share.

[2] Defendant next argues that she was entitled to retain the entire income tax refund from taxes paid on a joint North Carolina tax

return. She has not assigned error to the trial court's order with respect to the refund of federal income tax.

Defendant contends that two statutes, N.C.G.S. § 105-152(e) and N.C.G.S. § 28A-15-8, conflict on the issue. N.C.G.S. § 105-152(e) provides in pertinent part:

> A wife and husband filing jointly have expressly agreed that if the amount of the payments made by them with respect to the taxes for which they are liable, including withheld and estimated taxes, exceeds the total of the taxes due, refund of the excess may be made payable to both spouses jointly or, if either is deceased, to the survivor alone.

N.C. Gen. Stat. § 105-152(e). Defendant's refund, however, was calculated according to N.C.G.S. §§ 28A-15-8, 9 (2005).

> § 28A-15-8. Upon the determination by the Secretary of Revenue of North Carolina of an overpayment of income tax by any married person, any refund of the tax by reason of such overpayment, if not in excess of two hundred dollars ($200.00) exclusive of interest, shall be the sole and separate property of the surviving spouse, and said Secretary of Revenue may pay said sum directly to such surviving spouse, and such payment to the extent thereof shall operate as a complete acquittal and discharge of the Secretary of Revenue.

> § 28A-15-9. If the amount of any refund exceeds the sums specified in G.S. 28A-15-6, 28A-15-7 or 28A-15-8, the sums specified therein and one half of any additional sums shall be the sole and separate property of the surviving spouse. The remaining one half of such additional sums shall be the property of the estate of the decedent spouse.

Defendant argues that in dealing with two conflicting statutes, the more recently enacted statute, § 105-152(e), prevails. *See Bland v. City of Wilmington*, 278 N.C. 657, 661, 180 S.E.2d 813, 816 (1971).

The two statutes, however, are reconcilable. N.C.G.S. § 105-152(e) applies to joint income tax returns filed by individuals. N.C.G.S. §§ 28A-15-8 and 28A-15-9 deal with the administration of a decedent's estate and applies to joint income tax returns filed by the estate rather than individuals. The tax refund at issue here has been properly administered in accordance with § 28A-15-9. Defendant's assignment of error is overruled.

Affirmed.

Judges HUNTER and STROUD concur.